UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **YETI Coolers, LLC,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**Walmart Inc., and Real Value, LLC, d/b/a Simple Modern,**<br><br>    **Defendants.** | **Case No. 1:17-CV-01145**<br><br>**Jury Trial Demanded** |

# YETI COOLERS, LLC'S OPPOSED MOTION FOR STATUS CONFERENCE

YETI respectfully requests that the Court schedule a half hour telephonic status conference, at the Court's earliest convenience, to help the parties resolve three discovery issues. YETI does not bring this request lightly. But, after numerous discussions, the parties are at an impasse. A central reason YETI brought this case is to stop Walmart's sale of infringing and counterfeit YETI drinkware products on Walmart's website, www.walmart.com. YETI, therefore, seeks discovery from Walmart concerning these products and Walmart's policies and practices concerning the sales of unlawful products on its website. (*See, e.g.,* Dkt. 72-18, Request Nos. 2, 8, 17, 22-27; Ex. A, Request Nos. 67, 70-95). Walmart, however, refuses to provide meaningful discovery on either.

## Issues for the Status Conference

1. **Whether Walmart should promptly provide the requested discovery about the Accused Products that Walmart admits it can identify**

Walmart refuses to provide discovery—or a reasonable date by which it will provide discovery—relating to certain Accused Products that it admits it can identify because

Walmart claims YETI must first better identify *all* of the Accused Products. (Dkt. 71 at 9 ("YETI's failure to define the Accused Products has already complicated fact discovery by creating a lack of understanding between the parties as to what constitutes an Accused Product.")). YETI filed this lawsuit nearly 10 months ago, in December 2017. Yet, in its recently filed Rule 12(e) Motion, Walmart states "*in many cases*, Walmart cannot determine the exact allegedly infringing products." (Dkt. 71 at 7 (emphasis added)). Clearly then, Walmart *can* identify certain allegedly infringing products. Walmart should therefore *promptly* provide discovery on those Accused Products, including the 34 products YETI has specifically identified to date. (*See, e.g.,* Dkt. 71-4; Dkt. 72-13 at 6-12).

**2.    Whether Walmart should promptly provide the requested discovery about the Counterfeit Products sold on www.walmart.com**

Walmart refuses to produce its documents relating to counterfeit drinkware products—those bearing YETI's trademarks (*i.e.*, "YETI," "RAMBLER," or "COLSTER") that are not actually YETI products—because YETI's requests might hypothetically ensnare some genuine YETI products and allegedly overburden Walmart. (Dkt. 72-13 at 2; Ex. C ("search could potentially return thousands of documents")). In order to lessen the burden on Walmart, YETI *has not* asked Walmart to separate authentic from counterfeit products. Once Walmart provides the requested discovery, if any of the products are genuine, YETI will let Walmart know. (Dkt. 72-13 at 3). Furthermore, only Walmart can review its records and identify all potentially counterfeit products bearing YETI's trademarks because products continually appear and disappear on Walmart's website, sometimes daily.

3.     **Whether Walmart should promptly provide the requested discovery about its website practices and procedures**

Walmart claims it is not liable for infringing and counterfeit products sold on its own website, www.walmart.com. Accordingly, Walmart's policies and practices about infringing and counterfeit products sold on its website—such as whether and how Walmart monitors and polices its website for infringing and counterfeit products—are highly relevant. On April 30, Walmart agreed to produce at least some of these documents. (Ex. B, Resp. to Request Nos. 70-72, 74-76, 82-84, 93). But, over five months later, Walmart has produced only publicly available information, has not provided all of its responsive documents, and will not provide a date by which it will do so. (*See* Dkt. 72-13 at 4).

*          *          *

YETI appreciates the Court's time and attention to these issues and looks forward to discussing them at a status conference.

Dated: Oct. 2, 2018                              Respectfully submitted,

By:   /s/ Marc S. Cooperman
Joseph R. Knight
Texas Bar No. 11601275
jknight@ebbklaw.com
Ewell, Brown, Blanke, & Knight LLP
111 Congress Avenue
Suite 2800
Austin, Texas 78701
Telephone: (512) 770-4010
Facsimile: (512) 684-7681

Joseph J. Berghammer (admitted in the Western District of Texas)
Illinois Bar No. 6273690
jberghammer@bannerwitcoff.com

Marc S. Cooperman (admitted in the Western District of Texas)
Illinois Bar No. 6201035
mcooperman@bannerwitcoff.com
Kevin Dam (*pro hac vice*)
Illinois Bar No. 6326791
kdam@bannerwitcoff.com
Banner & Witcoff, Ltd.
Ten South Wacker Drive
Suite 3000
Chicago, IL 60606-7407
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR YETI COOLERS, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2018, I caused the foregoing document to be electronically filed with the Clerk of the court pursuant to the Electronic Filing Procedures and using the CM/ECF system, and that a true and correct electronic copy was thereby caused to be served on Defendants by and through its counsel of record.

       /s/ Marc S. Cooperman

**BANNER & WITCOFF, LTD.**
10 South Wacker Drive, Suite 3000
Chicago, IL 60606
Telephone: 312 (463)-5000
Facsimile: 312 (463)-5001