# EXHIBIT B

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **YETI COOLERS, LLC,** | |
| **Plaintiff,** | **Case No. 1:17-cv-01145-RP** |
| | **The Honorable Robert L. Pitman** |
| **v.** | |
| **WAL-MART STORES, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

### WALMART INC.'S OBJECTIONS AND RESPONSES TO YETI COOLERS, LLC'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 67-95)

In accordance with Federal Rules of Civil Procedure 26 and 34, Defendant Walmart Inc. ("Walmart") hereby responds and objects to the Second Set of Requests for Production served by Plaintiff YETI Coolers, LLC's ("YETI") on March 30, 2018 ("Requests") as follows:

### General Objections

Walmart incorporates each of the following General Objections ("General Objections") into its responses to each of the Requests, whether or not each such General Objection is expressly referred to in Walmart's response to a specific Request, and each Specific Objection and Response below is made subject to and without waiving these General Objections.

1.      Walmart objects to any Request that seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, or information that is otherwise subject to confidentiality obligations to a third party.  Any such Request has been read to exclude the discovery of such privileged information.  Nothing contained in this response is intended to be, or in any way constitutes, a waiver of any such applicable privilege, doctrine, or confidentiality obligation.  The inadvertent

disclosure by Walmart of information protected from disclosure by any privilege or doctrine shall not constitute a waiver by Walmart of such objections or protections.

2.      Walmart objects to Plaintiff's "Definitions" and "Instructions" to the extent they purport to impose upon Walmart any duty or obligation that is inconsistent with or in excess of those obligations that are imposed by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rule.  In particular, Walmart objects to any Request to the extent that it calls for information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

3.      Walmart objects to the Requests to the extent that they are overly broad and unduly burdensome, to the extent they seek "all documents," which would include duplicative documents, documents where the burden of production outweighs any marginal relevance, and documents that are not relevant to any claim or defense of the parties.

4.      Walmart objects to YETI's definition of "Walmart," "you," and "your," as overbroad, unduly burdensome, and vague to the extent it purports to place the burden on Walmart to determine whether someone or some entity was a current or former director, officer, employee, agent, contractor, subcontractor, programmer, distributor, wholesaler, salesperson, or sales representative of Walmart Inc.  In particular, Walmart objects to YETI's definition of "Walmart" to the extent that it includes any entity other than Walmart Inc.

5.      Walmart objects to YETI's definition of "YETI's Trade Dress" on the grounds that it is vague, unspecified, states a legal conclusion, and that neither that definition nor the Complaint identifies the specific features that YETI claims comprise its trade dress.

6.      Walmart objects to YETI's definition of "Accused Products" on the grounds: that it encompasses products advertised, promoted, offered for sale, sold, distributed, manufactured,

and/or imported by third parties, which, pursuant to the parties' Settlement Agreement in *YETI Coolers, LLC, v. Wal-Mart Stores, Inc.*, No. 1:16-cv-00454-RP (W.D. Tex.), ECF 14, Ex. B, YETI expressly agreed Walmart does not control; that it is vague, unspecified, and ambiguous in that it "include[s], but [is] not limited to, the products described and depicted in Exhibit A," which is insufficient to allow Walmart to identify with reasonable certainty the products at issue; and that it is otherwise vague, unspecified, and requires a legal conclusion, as neither the definition nor the Complaint identifies what products are included in its use of the phrases "any and all similar drinkware having a similar design and appearance, without regard to color, but having different names and/or model numbers," and/or "any and all tumblers and beverage holders using similar marks to any of YETI's Trademarks and/or similar label designs to any of YETI's Copyrights."

7.     Walmart objects to YETI's definition of "Prior Art" on the grounds that it is vague, unspecified, and states a legal conclusion, including its use of the phrase "'Prior Art' includes, by way of example and without limitation."

8.     Walmart objects to each Request to the extent that it seeks information not in Walmart's possession, custody, or control.  Walmart also objects to each Request to the extent that it seeks the production of documents or information already in the possession of the requesting party or publicly available to any party, on the grounds that such a request is unduly burdensome.

9.     Walmart objects to each Request to the extent that it is unreasonably vague, overly broad, ambiguous, repetitious, unduly burdensome, or purports to require the disclosure of information beyond the scope of permissible discovery under the applicable Federal Rules of Civil Procedure.

10. Walmart objects to any Request to the extent it seeks the production of documents or information containing confidential information of Walmart Inc., including trade secrets, research and development, or personal or commercial information entitled to be kept confidential under the applicable Federal Rules of Civil Procedure.

11. Walmart objects to any Request that requires Walmart to draw a legal conclusion in order to respond.

12. Walmart objects to Instruction No. 7. Walmart, however, is willing to meet and confer concerning the scope and timing for a mutual exchange of privilege logs.

13. Walmart will make, and has made, reasonable efforts to respond to the Requests, to the extent that no objection is made, as Walmart understands and interprets each Request. If YETI subsequently asserts an interpretation of any Request that differs from the interpretation of Walmart, then Walmart reserves the right to supplement and amend its objections and responses.

14. Where Walmart states below that responsive documents will be produced, this does not constitute a representation that any such documents exist, can be identified and located and are non-privileged; rather, that they will be produced if they exist and can reasonably be identified and located and are non-privileged.

15. Unless otherwise indicated, Walmart will not provide any information encompassed by the foregoing objections.

16. Walmart reserves the right to amend and/or supplement these responses if further information becomes available in the course of its ongoing diligent inquiries, through discovery, or otherwise. These responses should not be construed as, and do not constitute, a waiver of Walmart's right to adduce additional facts at trial.

**Specific Objections and Responses**

Subject to the specific objections set forth below, and specifically incorporating each of the foregoing General Objections into the response below, and without waiving said objections, Walmart responds as follows:

**Request No. 67**

Please produce all documents and things concerning practices, policies, and/or procedures Walmart put in place to comply with the Settlement Agreement.

**Response to Request No. 67**

Walmart objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the term "practices, policies, and/or procedures Walmart put in place," and seeks documents or information that are not relevant to any party's claims or defenses and not proportional to the needs of the case.

Walmart further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Walmart further objects to this Request as cumulative and duplicative of other Requests contained herein, including, for example, Request Nos. 68 and 69.

Subject to and without waiving the foregoing General and Specific Objections, Walmart refers YETI to its February 2, 2018, disclosure letter and accompanying declaration of Artem Kalajyan. Walmart is willing to meet and confer with YETI regarding the need for any further documents to be produced, if any, consistent with Walmart's Objections, YETI's concessions on the record regarding the scope of this case, and the court's April 27, 2018, Order (ECF 46) further limiting the scope of this case.

**Request No. 68**

Please produce all documents and things concerning actions Walmart has taken to comply with the Settlement Agreement.

**Response to Request No. 68**

Walmart objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the term "actions Walmart has taken," and seeks documents or information that are not relevant to any party's claims or defenses and not proportional to the needs of the case.

Walmart further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Walmart further objects to this Request as cumulative and duplicative of other Requests contained herein, including, for example, Request Nos. 67 and 69.

Subject to and without waiving the foregoing General and Specific Objections, Walmart refers YETI to its February 2, 2018, disclosure letter and accompanying declaration of Artem Kalajyan. Walmart is willing to meet and confer with YETI regarding the need for any further documents to be produced, if any, consistent with Walmart's Objections, YETI's concessions on the record regarding the scope of this case, and the court's April 27, 2018, Order (ECF 46) further limiting the scope of this case.

**Request No. 69**

Please produce all documents and things concerning Walmart's decision(s) not to take actions to comply with the Settlement Agreement.

**Response to Request No. 69**

Walmart objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the term "decision(s) not to take actions," and

seeks documents or information that are not relevant to any party's claims or defenses and not proportional to the needs of the case.

Walmart further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Walmart further objects to this Request on the grounds that it requires the adoption of legal and factual assumptions for which YETI has not laid any foundation.

Walmart further objects to this Request as cumulative and duplicative of other Requests contained herein, including, for example, Request Nos. 67 and 68.

Subject to and without waiving the foregoing General and Specific Objections, Walmart refers YETI to its February 2, 2018, disclosure letter and accompanying declaration of Artem Kalajyan. Walmart is willing to meet and confer with YETI regarding the need for any further documents to be produced, if any, consistent with Walmart's Objections, YETI's concessions on the record regarding the scope of this case, and the court's April 27, 2018, Order (ECF 46) further limiting the scope of this case.

**Request No. 70**

Please produce all documents and things concerning practices, policies, and/or procedures for the Walmart Marketplace and/or www.walmart.com, including all practices, policies, and/or procedures for any and all third-party sellers selling products on, and/or listing products appearing on, www.walmart.com.

**Response to Request No. 70**

Walmart objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the terms "practices, policies, and/or procedures for the Walmart Marketplace and/or www.walmart.com" and "third-party sellers selling

products," and seeks documents or information that are not relevant to any party's claims or defenses and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that it seeks information regarding sales made by third-party sellers on walmart.com, which, pursuant to the parties' Settlement Agreement in previous litigation, ECF 14, Ex. B, YETI expressly agreed Walmart does not control, and therefore is not relevant to the claims and defenses of the parties and not proportional to the needs of the case.

Walmart further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Walmart further objects to the extent this Request seeks information that is a matter of public record and/or otherwise equally accessible to YETI.

Walmart further objects to this Request as cumulative and duplicative of other Requests contained herein, including, for example, Request Nos. 71, 72, 74-76.

Subject to and without waiving the foregoing General and Specific Objections, following a reasonable investigation, Walmart will produce non-privileged documents responsive to this Request, if any, consistent with Walmart's Objections, YETI's concessions on the record regarding the scope of this case, and the court's April 27, 2018, Order (ECF 46) further limiting the scope of this case.

**Request No. 71**

Please produce all documents and things concerning Walmart's monitoring of the Walmart Marketplace and/or www.walmart.com, including reviews of sellers using the Walmart Marketplace and/or www.walmart.com, and including reviews of products offered for sale on and/or appearing on, www.walmart.com.

**Response to Request No. 71**

Walmart objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the terms "monitoring"; "reviews"; "sellers using the Walmart Marketplace and/or www.walmart.com"; and "products offered for sale on and/or appearing on, www.walmart.com," and seeks documents or information that are not relevant to any party's claims or defenses and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that it seeks information regarding sales made by third-party sellers on walmart.com, which, pursuant to the parties' Settlement Agreement in previous litigation, ECF 14, Ex. B, YETI expressly agreed Walmart does not control, and therefore is not relevant to the claims and defenses of the parties and not proportional to the needs of the case.

Walmart further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Walmart further objects to the extent this Request seeks information that is a matter of public record and/or otherwise equally accessible to YETI.

Walmart further objects to this Request as cumulative and duplicative of other Requests contained herein, including, for example, Request Nos. 70, 72, 74-76, 82, 83.

Subject to and without waiving the foregoing General and Specific Objections, following a reasonable investigation, Walmart will produce non-privileged documents responsive to this Request, if any, consistent with Walmart's Objections, YETI's concessions on the record regarding the scope of this case, and the court's April 27, 2018, Order (ECF 46) further limiting the scope of this case.

**Request No. 72**

Please produce all documents and things concerning Walmart's control over the Walmart Marketplace and/or www.walmart.com, including control over the content submitted by any seller, control over any product listings submitted by, containing, or otherwise reflecting content provided by any seller, and/or control over any reviews of sellers using the Walmart Marketplace and/or www.walmart.com, and/or control over any reviews of products appearing on www.walmart.com.

**Response to Request No. 72**

Walmart objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the terms "control over"; "content"; "reviews"; "sellers using the Walmart Marketplace and/or www.walmart.com"; and "products appearing on www.walmart.com," and seeks documents or information that are not relevant to any party's claims or defenses and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that it seeks information regarding sales made by third-party sellers on walmart.com, which, pursuant to the parties' Settlement Agreement in previous litigation, ECF 14, Ex. B, YETI expressly agreed Walmart does not control, and therefore is not relevant to the claims and defenses of the parties and not proportional to the needs of the case.

Walmart further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Walmart further objects to the extent this Request seeks information that is a matter of public record and/or otherwise equally accessible to YETI.

Walmart further objects to this Request as cumulative and duplicative of other Requests contained herein, including, for example, Request Nos. 70, 71, 74-76, 81.

Subject to and without waiving the foregoing General and Specific Objections, following a reasonable investigation, Walmart will produce non-privileged documents responsive to this Request, if any, consistent with Walmart's Objections, YETI's concessions on the record regarding the scope of this case, and the court's April 27, 2018, Order (ECF 46) further limiting the scope of this case.

## Request No. 73

Please produce all documents and things concerning Walmart's revenues and profits from sales of Accused Products appearing on www.walmart.com, including the revenues and profits from sales by third-party sellers.

## Response to Request No. 73

Walmart objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the terms "Walmart's revenues and profits from sales of Accused Products . . . , including the revenues and profits from sales by third-party sellers," and seeks documents or information that are not relevant to any party's claims or defenses and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that the term "Accused Products" encompasses products advertised, promoted, offered for sale, sold, distributed, manufactured, and/or imported by third parties, which, pursuant to the parties' Settlement Agreement in previous litigation, ECF 14, Ex. B, YETI expressly agreed Walmart does not control. Information regarding such products therefore is not relevant to the claims and defenses of the parties and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that the term "Accused Products" is vague, unspecified, and ambiguous in that it "include[s], but [is] not limited to, the products described and depicted in Exhibit A," which is insufficient to allow Walmart to identify with reasonable certainty the products at issue.

Walmart further objects to this Request on the grounds that the term "Accused Products" is otherwise vague, unspecified, and requires a legal conclusion, as neither the definition nor the Complaint identifies what products are included in its use of the phrases "any and all similar drinkware having a similar design and appearance, without regard to color, but having different names and/or model numbers," and/or "any and all tumblers and beverage holders using similar marks to any of YETI's Trademarks and/or similar label designs to any of YETI's Copyrights."

Walmart further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Subject to and without waiving the foregoing General and Specific Objections, following a reasonable investigation, Walmart will produce non-privileged documents responsive to this Request limited to those products in Exhibit A that can fairly be construed as alleged "counterfeit" products, if any, consistent with Walmart's Objections, YETI's concessions on the record regarding the scope of this case, and the court's April 27, 2018, Order (ECF 46) further limiting the scope of this case.

## Request No. 74

Please produce all documents and things concerning agreements, notices, terms of use, practices, policies and/or procedures for use of the Walmart Marketplace and/or www.walmart.com.

## Response to Request No. 74

Walmart objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the terms "agreements, notices, terms of use, practices, policies and/or procedures for use of the Walmart Marketplace and/or www.walmart.com," and seeks documents or information that are not relevant to any party's claims or defenses and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that it seeks information regarding sales made by third-party sellers on walmart.com, which, pursuant to the parties' Settlement Agreement in previous litigation, ECF 14, Ex. B, YETI expressly agreed Walmart does not control, and therefore is not relevant to the claims and defenses of the parties and not proportional to the needs of the case.

Walmart further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Walmart further objects to the extent this Request seeks information that is a matter of public record and/or otherwise equally accessible to YETI.

Walmart further objects to this Request as cumulative and duplicative of other Requests contained herein, including, for example, Request Nos. 70-72.

Subject to and without waiving the foregoing General and Specific Objections, following a reasonable investigation, Walmart will produce non-privileged documents responsive to this Request, if any, consistent with Walmart's Objections, YETI's concessions on the record regarding the scope of this case, and the court's April 27, 2018, Order (ECF 46) further limiting the scope of this case.

**Request No. 75**

Please produce all documents and things concerning Walmart's efforts to monitor for, stop, or prevent advertising, offering for sale, sale, advertising, and/or distributing of infringing products or counterfeit products on www.walmart.com.

**Response to Request No. 75**

Walmart objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the terms "Walmart's efforts to monitor for, stop, or prevent" and "infringing products or counterfeit products," and seeks documents or

information that are not relevant to any party's claims or defenses and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that it seeks information regarding sales made by third-party sellers on walmart.com, which, pursuant to the parties' Settlement Agreement in previous litigation, ECF 14, Ex. B, YETI expressly agreed Walmart does not control, and therefore is not relevant to the claims and defenses of the parties and not proportional to the needs of the case.

Walmart further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Walmart further objects to this Request as cumulative and duplicative of other Requests contained herein, including, for example, Request Nos. 70-72, 76, 82, 83.

Subject to and without waiving the foregoing General and Specific Objections, following a reasonable investigation, Walmart will produce non-privileged documents responsive to this Request, if any, consistent with Walmart's Objections, YETI's concessions on the record regarding the scope of this case, and the court's April 27, 2018, Order (ECF 46) further limiting the scope of this case.

## Request No. 76

Please produce all documents and things concerning Walmart's decision(s) not to monitor, stop, or prevent advertising, offering for sale, sale, advertising, and/or distributing of infringing products or counterfeit products on www.walmart.com.

## Response to Request No. 76

Walmart objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the terms "decision(s) not to monitor, stop, or prevent" and "infringing products or counterfeit products," and seeks documents or information

that are not relevant to any party's claims or defenses and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that it seeks information regarding sales made by third-party sellers on walmart.com, which, pursuant to the parties' Settlement Agreement in previous litigation, ECF 14, Ex. B, YETI expressly agreed Walmart does not control, and therefore is not relevant to the claims and defenses of the parties and not proportional to the needs of the case.

Walmart further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Walmart further objects to this Request on the grounds that it requires the adoption of legal and factual assumptions for which YETI has not laid any foundation.

Walmart further objects to this Request as cumulative and duplicative of other Requests contained herein, including, for example, Request Nos. 70-72, 75, 82, 83.

Subject to and without waiving the foregoing General and Specific Objections, following a reasonable investigation, Walmart will produce non-privileged documents responsive to this Request, if any, consistent with Walmart's Objections, YETI's concessions on the record regarding the scope of this case, and the court's April 27, 2018, Order (ECF 46) further limiting the scope of this case.

**Request No. 77**

Please produce all documents and things concerning consumer reviews, complaints, feedback, or other communications concerning the Accused Products or those identified in Interrogatory No. 2.

**Response to Request No. 77**

Walmart objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the terms "consumer reviews, complaints, feedback, or other communications" and "or those identified in Interrogatory No. 2," and seeks documents or information that are not relevant to any party's claims or defenses and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that the term "Accused Products" encompasses products advertised, promoted, offered for sale, sold, distributed, manufactured, and/or imported by third parties, which, pursuant to the parties' Settlement Agreement in previous litigation, ECF 14, Ex. B, YETI expressly agreed Walmart does not control. Information regarding such products therefore is not relevant to the claims and defenses of the parties and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that the term "Accused Products" is vague, unspecified, and ambiguous in that it "include[s], but [is] not limited to, the products described and depicted in Exhibit A," which is insufficient to allow Walmart to identify with reasonable certainty the products at issue.

Walmart further objects to this Request on the grounds that the term "Accused Products" is otherwise vague, unspecified, and requires a legal conclusion, as neither the definition nor the Complaint identifies what products are included in its use of the phrases "any and all similar drinkware having a similar design and appearance, without regard to color, but having different names and/or model numbers," and/or "any and all tumblers and beverage holders using similar marks to any of YETI's Trademarks and/or similar label designs to any of YETI's Copyrights."

Walmart further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Walmart further objects to the extent this Request seeks information that is a matter of public record and/or otherwise equally accessible to YETI.

Subject to and without waiving the foregoing General and Specific Objections, following a reasonable investigation, Walmart will produce non-privileged documents responsive to this Request limited to those products in Exhibit A that can fairly be construed as alleged "counterfeit" products, if any, consistent with Walmart's Objections, YETI's concessions on the record regarding the scope of this case, and the court's April 27, 2018, Order (ECF 46) further limiting the scope of this case.

## Request No. 78

Please produce all documents and things concerning any advertising or promotion of any of the Accused Products by Walmart on www.walmart.com, or any other website, or through any other medium or social media to which Walmart has any control.

## Response to Request No. 78

Walmart objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the terms "any advertising or promotion," "any other website," and "any other medium or social media to which Walmart has any control," and seeks documents or information that are not relevant to any party's claims or defenses and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that the term "Accused Products" encompasses products advertised, promoted, offered for sale, sold, distributed, manufactured, and/or imported by third parties, which, pursuant to the parties' Settlement Agreement in previous litigation, ECF 14, Ex. B, YETI expressly agreed Walmart does not control.

Information regarding such products therefore is not relevant to the claims and defenses of the parties and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that the term "Accused Products" is vague, unspecified, and ambiguous in that it "include[s], but [is] not limited to, the products described and depicted in Exhibit A," which is insufficient to allow Walmart to identify with reasonable certainty the products at issue.

Walmart further objects to this Request on the grounds that the term "Accused Products" is otherwise vague, unspecified, and requires a legal conclusion, as neither the definition nor the Complaint identifies what products are included in its use of the phrases "any and all similar drinkware having a similar design and appearance, without regard to color, but having different names and/or model numbers," and/or "any and all tumblers and beverage holders using similar marks to any of YETI's Trademarks and/or similar label designs to any of YETI's Copyrights."

Walmart further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Walmart further objects to the extent this Request seeks information that is a matter of public record and/or otherwise equally accessible to YETI.

Subject to and without waiving the foregoing General and Specific Objections, following a reasonable investigation, Walmart will produce non-privileged documents responsive to this Request limited to those products in Exhibit A that can fairly be construed as alleged "counterfeit" products, if any, consistent with Walmart's Objections, YETI's concessions on the record regarding the scope of this case, and the court's April 27, 2018, Order (ECF 46) further limiting the scope of this case.

**Request No. 79**

Please produce all documents and things concerning any services provided by Walmart in connection with the sale and/or delivery of any of the Accused Products, including but not limited to shipping, logistics, and payment processing.

**Response to Request No. 79**

Walmart objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the terms "any services"; "in connection with"; "sale and/or delivery"; and "shipping, logistics, and payment processing," and seeks documents or information that are not relevant to any party's claims or defenses and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that the term "Accused Products" encompasses products advertised, promoted, offered for sale, sold, distributed, manufactured, and/or imported by third parties, which, pursuant to the parties' Settlement Agreement in previous litigation, ECF 14, Ex. B, YETI expressly agreed Walmart does not control. Information regarding such products therefore is not relevant to the claims and defenses of the parties and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that the term "Accused Products" is vague, unspecified, and ambiguous in that it "include[s], but [is] not limited to, the products described and depicted in Exhibit A," which is insufficient to allow Walmart to identify with reasonable certainty the products at issue.

Walmart further objects to this Request on the grounds that the term "Accused Products" is otherwise vague, unspecified, and requires a legal conclusion, as neither the definition nor the Complaint identifies what products are included in its use of the phrases "any and all similar drinkware having a similar design and appearance, without regard to color, but having different

names and/or model numbers," and/or "any and all tumblers and beverage holders using similar marks to any of YETI's Trademarks and/or similar label designs to any of YETI's Copyrights."

Walmart further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Walmart further objects to the extent this Request seeks information that is a matter of public record and/or otherwise equally accessible to YETI.

Walmart further objects to this Request as cumulative and duplicative of other Requests contained herein, including, for example, Request Nos. 85-90.

Subject to and without waiving the foregoing General and Specific Objections, following a reasonable investigation, Walmart will produce non-privileged documents responsive to this Request limited to those products in Exhibit A that can fairly be construed as alleged "counterfeit" products, if any, consistent with Walmart's Objections, YETI's concessions on the record regarding the scope of this case, and the court's April 27, 2018, Order (ECF 46) further limiting the scope of this case.

**Request No. 80**

For each Accused Product, please produce all documents sufficient to show each and every sale of the Accused Product, including for each sale, the identity of the seller, whether the Accused Product was sold on, and/or appeared on, www.walmart.com, the location from which the Accused Product shipped, the identity of the buyer, the location to which the Accused Product was shipped, the total number of Accused Products sold, the unit selling price of the Accused Product, the total value of the sale, and the fee received by Walmart associated with the sale.

**Response to Request No. 80**

Walmart objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the terms "each and every sale," "the total value of the sale," and "the fee received by Walmart associated with the sale," and seeks documents or

information that are not relevant to any party's claims or defenses and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that the term "Accused Products" encompasses products advertised, promoted, offered for sale, sold, distributed, manufactured, and/or imported by third parties, which, pursuant to the parties' Settlement Agreement in previous litigation, ECF 14, Ex. B, YETI expressly agreed Walmart does not control. Information regarding such products therefore is not relevant to the claims and defenses of the parties and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that the term "Accused Products" is vague, unspecified, and ambiguous in that it "include[s], but [is] not limited to, the products described and depicted in Exhibit A," which is insufficient to allow Walmart to identify with reasonable certainty the products at issue.

Walmart further objects to this Request on the grounds that the term "Accused Products" is otherwise vague, unspecified, and requires a legal conclusion, as neither the definition nor the Complaint identifies what products are included in its use of the phrases "any and all similar drinkware having a similar design and appearance, without regard to color, but having different names and/or model numbers," and/or "any and all tumblers and beverage holders using similar marks to any of YETI's Trademarks and/or similar label designs to any of YETI's Copyrights."

Walmart further objects to this Request to the extent it seeks information regarding "whether the Accused Product was sold on, and/or appeared on, www.walmart.com," notwithstanding the fact that the definition of Accused Products is limited only to those products "advertised, promoted, offered for sale, and/or sold on or through www.walmart.com."

Walmart further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Walmart further objects to this Request to the extent that it seeks information not in Walmart's possession, custody, or control.

Subject to and without waiving the foregoing General and Specific Objections, following a reasonable investigation, Walmart will produce non-privileged documents responsive to this Request limited to those products in Exhibit A that can fairly be construed as alleged "counterfeit" products, if any, consistent with Walmart's Objections, YETI's concessions on the record regarding the scope of this case, and the court's April 27, 2018, Order (ECF 46) further limiting the scope of this case.

## Request No. 81

Please produce all agreements, and all documents and things concerning any agreements between Walmart and any seller who lists, or has listed, Accused Products appearing for sale on www.walmart.com, including any agreements that require or allow Walmart to control or limit what is offered for sale by a seller or what appears from a seller on www.walmart.com.

## Response to Request No. 81

Walmart objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the terms "all agreements, and all documents and things concerning any agreements"; "any seller"; and "control or limit what is offered for sale," and seeks documents or information that are not relevant to any party's claims or defenses and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that the term "Accused Products" encompasses products advertised, promoted, offered for sale, sold, distributed, manufactured, and/or imported by third parties, which, pursuant to the parties' Settlement Agreement in

previous litigation, ECF 14, Ex. B, YETI expressly agreed Walmart does not control. Information regarding such products therefore is not relevant to the claims and defenses of the parties and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that the term "Accused Products" is vague, unspecified, and ambiguous in that it "include[s], but [is] not limited to, the products described and depicted in Exhibit A," which is insufficient to allow Walmart to identify with reasonable certainty the products at issue.

Walmart further objects to this Request on the grounds that the term "Accused Products" is otherwise vague, unspecified, and requires a legal conclusion, as neither the definition nor the Complaint identifies what products are included in its use of the phrases "any and all similar drinkware having a similar design and appearance, without regard to color, but having different names and/or model numbers," and/or "any and all tumblers and beverage holders using similar marks to any of YETI's Trademarks and/or similar label designs to any of YETI's Copyrights."

Walmart further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Walmart further objects to this Request as cumulative and duplicative of other Requests contained herein, including, for example, Request No. 72.

Subject to and without waiving the foregoing General and Specific Objections, following a reasonable investigation, Walmart will produce non-privileged documents responsive to this Request limited to those products in Exhibit A that can fairly be construed as alleged "counterfeit" products, if any, consistent with Walmart's Objections, YETI's concessions on the

record regarding the scope of this case, and the court's April 27, 2018, Order (ECF 46) further limiting the scope of this case.

**Request No. 82**

Please produce all documents and things concerning Walmart's practices, policies, and/or procedures for identifying entities who list, or have listed, products appearing for sale on www.walmart.com that infringe others' intellectual property rights.

**Response to Request No. 82**

Walmart objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the terms "practices, policies, and/or procedures"; "identifying entities"; and "infringe others' intellectual property rights," and seeks documents or information that are not relevant to any party's claims or defenses and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that it seeks information regarding sales made by third-party sellers on walmart.com, which, pursuant to the parties' Settlement Agreement in previous litigation, ECF 14, Ex. B, YETI expressly agreed Walmart does not control, and therefore is not relevant to the claims and defenses of the parties and not proportional to the needs of the case.

Walmart further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Walmart further objects to this Request as cumulative and duplicative of other Requests contained herein, including, for example, Request Nos. 71, 75, 76, 83.

Subject to and without waiving the foregoing General and Specific Objections, following a reasonable investigation, Walmart will produce non-privileged documents responsive to this Request, if any, consistent with Walmart's Objections, YETI's concessions on the record

regarding the scope of this case, and the court's April 27, 2018, Order (ECF 46) further limiting the scope of this case.

**Request No. 83**

Please produce all documents and things concerning any means available to Walmart to monitor and/or prevent intellectual property rights infringement on www.walmart.com.

**Response to Request No. 83**

Walmart objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the terms "means available" and "monitor and/or prevent intellectual property rights infringement," and seeks documents or information that are not relevant to any party's claims or defenses and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that it seeks information regarding sales made by third-party sellers on walmart.com, which, pursuant to the parties' Settlement Agreement in previous litigation, ECF 14, Ex. B, YETI expressly agreed Walmart does not control, and therefore is not relevant to the claims and defenses of the parties and not proportional to the needs of the case.

Walmart further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Walmart further objects to this Request as cumulative and duplicative of other Requests contained herein, including, for example, Request Nos. 71, 75, 76, 82.

Subject to and without waiving the foregoing General and Specific Objections, following a reasonable investigation, Walmart will produce non-privileged documents responsive to this Request, if any, consistent with Walmart's Objections, YETI's concessions on the record

regarding the scope of this case, and the court's April 27, 2018, Order (ECF 46) further limiting the scope of this case.

**Request No. 84**

Please produce all documents and things concerning any agreements, any sanctions, penalties, or other actions Walmart takes or has taken with entities who list products appearing on www.walmart.com for sale when Walmart discovers or is informed that a product listed for sale on www.walmart.com infringes another's intellectual property, including products or listings that infringe patents, trademarks, or copyrights.

**Response to Request No. 84**

Walmart objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the terms "any agreements, any sanctions, penalties, or other actions Walmart takes or has taken"; "entities"; "discovers or is informed"; and "infringes another's intellectual property," and seeks documents or information that are not relevant to any party's claims or defenses and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that it seeks information regarding sales made by third-party sellers on walmart.com, which, pursuant to the parties' Settlement Agreement in previous litigation, ECF 14, Ex. B, YETI expressly agreed Walmart does not control, and therefore is not relevant to the claims and defenses of the parties and not proportional to the needs of the case.

Walmart further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Walmart further objects to this Request as cumulative and duplicative of other Requests contained herein, including, for example, Request Nos. 70-72.

Subject to and without waiving the foregoing General and Specific Objections, following a reasonable investigation, Walmart will produce non-privileged documents responsive to this

Request, if any, consistent with Walmart's Objections, YETI's concessions on the record regarding the scope of this case, and the court's April 27, 2018, Order (ECF 46) further limiting the scope of this case.

**Request No. 85**

Please produce all agreements, and all documents and things concerning Walmart's authority or permission to receive or ship any product on behalf of an entity that lists, or has listed, Accused Products appearing on www.walmart.com.

**Response to Request No. 85**

Walmart objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the terms "authority or permission" and "receive or ship any product on behalf of an entity," and seeks documents or information that are not relevant to any party's claims or defenses and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that the term "Accused Products" encompasses products advertised, promoted, offered for sale, sold, distributed, manufactured, and/or imported by third parties, which, pursuant to the parties' Settlement Agreement in previous litigation, ECF 14, Ex. B, YETI expressly agreed Walmart does not control. Information regarding such products therefore is not relevant to the claims and defenses of the parties and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that the term "Accused Products" is vague, unspecified, and ambiguous in that it "include[s], but [is] not limited to, the products described and depicted in Exhibit A," which is insufficient to allow Walmart to identify with reasonable certainty the products at issue.

Walmart further objects to this Request on the grounds that the term "Accused Products" is otherwise vague, unspecified, and requires a legal conclusion, as neither the definition nor the Complaint identifies what products are included in its use of the phrases "any and all similar

drinkware having a similar design and appearance, without regard to color, but having different names and/or model numbers," and/or "any and all tumblers and beverage holders using similar marks to any of YETI's Trademarks and/or similar label designs to any of YETI's Copyrights."

Walmart further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Walmart further objects to this Request as cumulative and duplicative of other Requests contained herein, including, for example, Request Nos. 70-72, 88.

Subject to and without waiving the foregoing General and Specific Objections, following a reasonable investigation, Walmart will produce non-privileged documents responsive to this Request limited to those products in Exhibit A that can fairly be construed as alleged "counterfeit" products, if any, consistent with Walmart's Objections, YETI's concessions on the record regarding the scope of this case, and the court's April 27, 2018, Order (ECF 46) further limiting the scope of this case.

## Request No. 86

Please produce all agreements, and all documents and things concerning Walmart's authority or permission to receive money from a buyer on behalf of an entity that lists, or has listed, Accused Products appearing on www.walmart.com.

## Response to Request No. 86

Walmart objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the terms "authority or permission" and "receive money from a buyer on behalf of an entity," and seeks documents or information that are not relevant to any party's claims or defenses and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that the term "Accused Products" encompasses products advertised, promoted, offered for sale, sold, distributed, manufactured,

and/or imported by third parties, which, pursuant to the parties' Settlement Agreement in previous litigation, ECF 14, Ex. B, YETI expressly agreed Walmart does not control. Information regarding such products therefore is not relevant to the claims and defenses of the parties and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that the term "Accused Products" is vague, unspecified, and ambiguous in that it "include[s], but [is] not limited to, the products described and depicted in Exhibit A," which is insufficient to allow Walmart to identify with reasonable certainty the products at issue.

Walmart further objects to this Request on the grounds that the term "Accused Products" is otherwise vague, unspecified, and requires a legal conclusion, as neither the definition nor the Complaint identifies what products are included in its use of the phrases "any and all similar drinkware having a similar design and appearance, without regard to color, but having different names and/or model numbers," and/or "any and all tumblers and beverage holders using similar marks to any of YETI's Trademarks and/or similar label designs to any of YETI's Copyrights."

Walmart further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Walmart further objects to this Request as cumulative and duplicative of other Requests contained herein, including, for example, Request Nos. 70-72, 79, 89.

Subject to and without waiving the foregoing General and Specific Objections, following a reasonable investigation, Walmart will produce non-privileged documents responsive to this Request limited to those products in Exhibit A that can fairly be construed as alleged "counterfeit" products, if any, consistent with Walmart's Objections, YETI's concessions on the

record regarding the scope of this case, and the court's April 27, 2018, Order (ECF 46) further limiting the scope of this case.

## Request No. 87

Please produce all agreements, and all documents and things concerning how an entity that lists, or has listed, Accused Products appearing on www.walmart.com pays Walmart for any service Walmart provides, including commissions, or fees imposed by Walmart on a recurring or one-time basis.

## Response to Request No. 87

Walmart objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the terms "all agreements," "how an entity . . . pays Walmart," "any service Walmart provides," and "commissions, or fees imposed by Walmart on a recurring or one-time basis," and seeks documents or information that are not relevant to any party's claims or defenses and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that the term "Accused Products" encompasses products advertised, promoted, offered for sale, sold, distributed, manufactured, and/or imported by third parties, which, pursuant to the parties' Settlement Agreement in previous litigation, ECF 14, Ex. B, YETI expressly agreed Walmart does not control. Information regarding such products therefore is not relevant to the claims and defenses of the parties and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that the term "Accused Products" is vague, unspecified, and ambiguous in that it "include[s], but [is] not limited to, the products described and depicted in Exhibit A," which is insufficient to allow Walmart to identify with reasonable certainty the products at issue.

Walmart further objects to this Request on the grounds that the term "Accused Products" is otherwise vague, unspecified, and requires a legal conclusion, as neither the definition nor the

Complaint identifies what products are included in its use of the phrases "any and all similar drinkware having a similar design and appearance, without regard to color, but having different names and/or model numbers," and/or "any and all tumblers and beverage holders using similar marks to any of YETI's Trademarks and/or similar label designs to any of YETI's Copyrights."

Walmart further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Walmart further objects to this Request as cumulative and duplicative of other Requests contained herein, including, for example, Request Nos. 70-72, 79, 90.

Subject to and without waiving the foregoing General and Specific Objections, following a reasonable investigation, Walmart will produce non-privileged documents responsive to this Request limited to those products in Exhibit A that can fairly be construed as alleged "counterfeit" products, if any, consistent with Walmart's Objections, YETI's concessions on the record regarding the scope of this case, and the court's April 27, 2018, Order (ECF 46) further limiting the scope of this case.

**Request No. 88**

Please produce all documents and things concerning Walmart's receipt or shipment of any Accused Product on behalf of an entity that lists, or has listed, products appearing on www.walmart.com.

**Response to Request No. 88**

Walmart objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the terms "receipt or shipment" and "on behalf of an entity," and seeks documents or information that are not relevant to any party's claims or defenses and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that the term "Accused Products" encompasses products advertised, promoted, offered for sale, sold, distributed, manufactured, and/or imported by third parties, which, pursuant to the parties' Settlement Agreement in previous litigation, ECF 14, Ex. B, YETI expressly agreed Walmart does not control. Information regarding such products therefore is not relevant to the claims and defenses of the parties and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that the term "Accused Products" is vague, unspecified, and ambiguous in that it "include[s], but [is] not limited to, the products described and depicted in Exhibit A," which is insufficient to allow Walmart to identify with reasonable certainty the products at issue.

Walmart further objects to this Request on the grounds that the term "Accused Products" is otherwise vague, unspecified, and requires a legal conclusion, as neither the definition nor the Complaint identifies what products are included in its use of the phrases "any and all similar drinkware having a similar design and appearance, without regard to color, but having different names and/or model numbers," and/or "any and all tumblers and beverage holders using similar marks to any of YETI's Trademarks and/or similar label designs to any of YETI's Copyrights."

Walmart further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Walmart further objects to this Request as cumulative and duplicative of other Requests contained herein, including, for example, Request Nos. 70-72, 79, 85.

Subject to and without waiving the foregoing General and Specific Objections, following a reasonable investigation, Walmart will produce non-privileged documents responsive to this

Request limited to those products in Exhibit A that can fairly be construed as alleged "counterfeit" products, if any, consistent with Walmart's Objections, YETI's concessions on the record regarding the scope of this case, and the court's April 27, 2018, Order (ECF 46) further limiting the scope of this case.

**Request No. 89**

Please produce all documents and things concerning Walmart's receipt of money from any buyer on behalf of any entity that lists, or has listed, Accused Products appearing on www.walmart.com.

**Response to Request No. 89**

Walmart objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the terms "receipt of money from any buyer" and "on behalf of an entity," and seeks documents or information that are not relevant to any party's claims or defenses and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that the term "Accused Products" encompasses products advertised, promoted, offered for sale, sold, distributed, manufactured, and/or imported by third parties, which, pursuant to the parties' Settlement Agreement in previous litigation, ECF 14, Ex. B, YETI expressly agreed Walmart does not control. Information regarding such products therefore is not relevant to the claims and defenses of the parties and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that the term "Accused Products" is vague, unspecified, and ambiguous in that it "include[s], but [is] not limited to, the products described and depicted in Exhibit A," which is insufficient to allow Walmart to identify with reasonable certainty the products at issue.

Walmart further objects to this Request on the grounds that the term "Accused Products" is otherwise vague, unspecified, and requires a legal conclusion, as neither the definition nor the

Complaint identifies what products are included in its use of the phrases "any and all similar drinkware having a similar design and appearance, without regard to color, but having different names and/or model numbers," and/or "any and all tumblers and beverage holders using similar marks to any of YETI's Trademarks and/or similar label designs to any of YETI's Copyrights."

Walmart further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Walmart further objects to this Request as cumulative and duplicative of other Requests contained herein, including, for example, Request Nos. 70-72, 79, 86.

Subject to and without waiving the foregoing General and Specific Objections, following a reasonable investigation, Walmart will produce non-privileged documents responsive to this Request limited to those products in Exhibit A that can fairly be construed as alleged "counterfeit" products, if any, consistent with Walmart's Objections, YETI's concessions on the record regarding the scope of this case, and the court's April 27, 2018, Order (ECF 46) further limiting the scope of this case.

**Request No. 90**

Please produce all documents and things concerning Walmart's receipt of money from any entity that lists, or has listed, Accused Products appearing on www.walmart.com for any service Walmart provides, including commissions, monthly fees, or other fees imposed by Walmart on a recurring or one-time basis.

**Response to Request No. 90**

Walmart objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the terms "receipt of money"; "any service Walmart provides"; "any service Walmart provides"; and "commissions, monthly fees, or other fees imposed by Walmart on a recurring or one-time basis," and seeks documents or information

that are not relevant to any party's claims or defenses and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that the term "Accused Products" encompasses products advertised, promoted, offered for sale, sold, distributed, manufactured, and/or imported by third parties, which, pursuant to the parties' Settlement Agreement in previous litigation, ECF 14, Ex. B, YETI expressly agreed Walmart does not control. Information regarding such products therefore is not relevant to the claims and defenses of the parties and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that the term "Accused Products" is vague, unspecified, and ambiguous in that it "include[s], but [is] not limited to, the products described and depicted in Exhibit A," which is insufficient to allow Walmart to identify with reasonable certainty the products at issue.

Walmart further objects to this Request on the grounds that the term "Accused Products" is otherwise vague, unspecified, and requires a legal conclusion, as neither the definition nor the Complaint identifies what products are included in its use of the phrases "any and all similar drinkware having a similar design and appearance, without regard to color, but having different names and/or model numbers," and/or "any and all tumblers and beverage holders using similar marks to any of YETI's Trademarks and/or similar label designs to any of YETI's Copyrights."

Walmart further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Walmart further objects to this Request as cumulative and duplicative of other Requests contained herein, including, for example, Request Nos. 70-72, 79, 87.

Subject to and without waiving the foregoing General and Specific Objections, following a reasonable investigation, Walmart will produce non-privileged documents responsive to this Request limited to those products in Exhibit A that can fairly be construed as alleged "counterfeit" products, if any, consistent with Walmart's Objections, YETI's concessions on the record regarding the scope of this case, and the court's April 27, 2018, Order (ECF 46) further limiting the scope of this case.

## Request No. 91

Please produce all documents and things concerning instances in which Walmart received allegations of violations of intellectual property rights, including violations related to products or listings appearing on its website, www.walmart.com, and whether or not Walmart took any action.

## Response to Request No. 91

Walmart objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the terms "instances in which Walmart received allegations of violations of intellectual property rights," "related to products or listings appearing on its website," and "whether or not Walmart took any action," and seeks documents or information that are not relevant to any party's claims or defenses and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that it seeks information regarding sales made by third-party sellers on walmart.com, which, pursuant to the parties' Settlement Agreement in previous litigation, ECF 14, Ex. B, YETI expressly agreed Walmart does not control, and therefore is not relevant to the claims and defenses of the parties and not proportional to the needs of the case.

Walmart further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Walmart further objects to this Request as cumulative and duplicative of other Requests contained herein, including, for example, Request Nos. 92-94.

Subject to and without waiving the foregoing General and Specific Objections, following a reasonable investigation, Walmart will produce non-privileged documents responsive to this Request, if any, consistent with Walmart's Objections, YETI's concessions on the record regarding the scope of this case, and the court's April 27, 2018, Order (ECF 46) further limiting the scope of this case.

## Request No. 92

Please produce all documents and things concerning any statistics, studies, and/or records that Walmart keeps detailing instances in which it removed product listings appearing on its website, www.walmart.com, due to allegations that the product listing violates intellectual property rights.

## Response to Request No. 92

Walmart objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the terms "any statistics, studies, and/or records"; "product listings appearing on its website"; and "due to allegations that the product listing violates intellectual property rights," and seeks documents or information that are not relevant to any party's claims or defenses and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that it seeks information regarding sales made by third-party sellers on walmart.com, which, pursuant to the parties' Settlement Agreement in previous litigation, ECF 14, Ex. B, YETI expressly agreed Walmart does not control, and therefore is not relevant to the claims and defenses of the parties and not proportional to the needs of the case.

Walmart further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Walmart further objects to this Request as cumulative and duplicative of other Requests contained herein, including, for example, Request Nos. 91, 93, 94.

Subject to and without waiving the foregoing General and Specific Objections, following a reasonable investigation, Walmart will produce non-privileged documents responsive to this Request, if any, consistent with Walmart's Objections, YETI's concessions on the record regarding the scope of this case, and the court's April 27, 2018, Order (ECF 46) further limiting the scope of this case.

**Request No. 93**

Please produce all documents and things concerning how Walmart decides whether to remove a product listing from its website, www.walmart.com, after receiving a communication alleging that the product listing violates intellectual property rights.

**Response to Request No. 93**

Walmart objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the terms "how Walmart decides," "receiving," and "communication alleging that the product listing violates intellectual property rights," and seeks documents or information that are not relevant to any party's claims or defenses and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that it seeks information regarding sales made by third-party sellers on walmart.com, which, pursuant to the parties' Settlement Agreement in previous litigation, ECF 14, Ex. B, YETI expressly agreed Walmart does not control, and therefore is not relevant to the claims and defenses of the parties and not proportional to the needs of the case.

Walmart further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Walmart further objects to this Request as cumulative and duplicative of other Requests contained herein, including, for example, Request Nos. 70-72, 91, 92, 94.

Subject to and without waiving the foregoing General and Specific Objections, following a reasonable investigation, Walmart will produce non-privileged documents responsive to this Request, if any, consistent with Walmart's Objections, YETI's concessions on the record regarding the scope of this case, and the court's April 27, 2018, Order (ECF 46) further limiting the scope of this case.

**Request No. 94**

Please produce all documents and things concerning any actions Walmart has taken after receiving correspondence alleging that a product listing appearing on its website, www.walmart.com, violates intellectual property rights.

**Response to Request No. 94**

Walmart objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the terms "any actions Walmart has taken" and "correspondence alleging that a product listing . . . violates intellectual property rights," and seeks documents or information that are not relevant to any party's claims or defenses and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that it seeks information regarding sales made by third-party sellers on walmart.com, which, pursuant to the parties' Settlement Agreement in previous litigation, ECF 14, Ex. B, YETI expressly agreed Walmart does not control, and therefore is not relevant to the claims and defenses of the parties and not proportional to the needs of the case.

Walmart further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Walmart further objects to this Request as cumulative and duplicative of other Requests contained herein, including, for example, Request Nos. 70-72, 91-93.

Subject to and without waiving the foregoing General and Specific Objections, following a reasonable investigation, Walmart will produce non-privileged documents responsive to this Request, if any, consistent with Walmart's Objections, YETI's concessions on the record regarding the scope of this case, and the court's April 27, 2018, Order (ECF 46) further limiting the scope of this case.

**Request No. 95**

Please produce all documents and things concerning Walmart's response, decision, and/or action after being notified that Accused Products were being sold on www.walmart.com.

**Response to Request No. 95**

Walmart objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome, particularly with respect to the terms "response, decision, and/or action" and "notified," and seeks documents or information that are not relevant to any party's claims or defenses and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that the term "Accused Products" encompasses products advertised, promoted, offered for sale, sold, distributed, manufactured, and/or imported by third parties, which, pursuant to the parties' Settlement Agreement in previous litigation, ECF 14, Ex. B, YETI expressly agreed Walmart does not control. Information regarding such products therefore is not relevant to the claims and defenses of the parties and not proportional to the needs of the case.

Walmart further objects to this Request on the grounds that the term "Accused Products" is vague, unspecified, and ambiguous in that it "include[s], but [is] not limited to, the products described and depicted in Exhibit A," which is insufficient to allow Walmart to identify with reasonable certainty the products at issue.

Walmart further objects to this Request on the grounds that the term "Accused Products" is otherwise vague, unspecified, and requires a legal conclusion, as neither the definition nor the Complaint identifies what products are included in its use of the phrases "any and all similar drinkware having a similar design and appearance, without regard to color, but having different names and/or model numbers," and/or "any and all tumblers and beverage holders using similar marks to any of YETI's Trademarks and/or similar label designs to any of YETI's Copyrights."

Walmart further objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Walmart further objects to this Request on the grounds that it requires the adoption of legal and factual assumptions for which YETI has not laid any foundation.

Subject to and without waiving the foregoing General and Specific Objections, following a reasonable investigation, Walmart will produce non-privileged documents responsive to this Request, if any, consistent with Walmart's Objections, YETI's concessions on the record regarding the scope of this case, and the court's April 27, 2018, Order (ECF 46) further limiting the scope of this case.

Date: April 30, 2018                    Respectfully submitted,

By: <u>E. Ross Cohen</u>
Tara D. Elliott (*admitted pro hac vice*)
D.C. Bar No. 489850
tara.elliott@wilmerhale.com
Ross Cohen (*admitted pro hac vice*)
Delaware Bar No. 6121
ross.cohen@wilmerhale.com
**WILMER CUTLER PICKERING HALE**
 **AND DORR LLP**
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
202.663.6000
202.663.6363 fax

Allison Trzop (*admitted pro hac vice*)
Mass. Bar No. 688328
allison.trzop@wilmerhale.com
**WILMER CUTLER PICKERING HALE**
 **AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, NY 10007
212.937.7518
212.230.8888 fax

Sherrard (Butch) Hayes
Texas Bar No. 00784232
shayes@wshllp.com
**WEISBART SPRINGER HAYES LLP**
212 Lavaca Street, Suite 200
Austin, Texas 78701
512.652.5780
512.682.2074 fax


**ATTORNEYS FOR DEFENDANT**
**WALMART INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on this 30th day of April, 2018.

/s/ E. Ross Cohen
E. Ross Cohen