# EXHIBIT C

| | |
|---|---|
| **From:** | Elizabeth Brenckman <brenckman@fr.com> |
| **Sent:** | Tuesday, October 2, 2018 7:24 AM |
| **To:** | Marc Cooperman; Tommy Jacks |
| **Cc:** | Joseph Berghammer; Zachary Getzelman; Michael Krashin; Nancy Ly; Michael Anderson; Sheryl Koval Garko |
| **Subject:** | RE: YETI v. Walmart |

Marc,

We are surprised by your motion and the incorrect assertions made in it.

At a threshold level, YETI's motion is disingenuous in its breadth—making the sweeping statement that Walmart has refused to produce broad categories of documents (e.g., discovery concerning the allegedly infringing and counterfeit drinkware products on Walmart's website and Walmart's policies and practices related thereto). That is not the case. In addition to the documents that Walmart had already agreed in its written responses to produce (and has produced), the parties already reached agreement during a previous meet-and-confer with respect to two of the three issues identified in your motion.

**First**, it is incorrect that Walmart "refuses" to provide discovery regarding Walmart's practices and procedures. Walmart agreed to produce documents showing its website's practices and procedures in view of the clarifications that YETI made during the parties' meet-and-confer on September 7, 2018. Indeed, just one week after the meet-and-confer, Walmart produced hundreds of pages of documents describing its practices and procedures with respect to the operation of the Walmart Marketplace, and Walmart is in the process of collecting additional relevant documents that will be produced on a rolling basis. There can be no impasse here because there is no disagreement.

**Second**, it is incorrect that Walmart "refuses" to provide discovery relating to the Accused Products that have been identified with specificity. Walmart has never taken the position that YETI "must first better identify *all* of the Accused Products" before Walmart will produce documents regarding the Products that have been identified with specificity. (If you are aware of such a statement, please provide a citation so that we may review it.) Walmart already agreed to provide much of the requested information regarding the Accused Products that were specifically identified in YETI's complaints, court filings, and discovery requests, including the "34" items apparently referenced in YETI's motion (many of which YETI specifically identified for the first time just three weeks ago in its letter dated September 10, 2018). And Walmart made clear that it will produce documents concerning the Accused Products that it can identify, as indicated in its discovery responses, on a rolling basis. There can be no impasse here because there is no disagreement.

**Third**, it is incorrect that Walmart "refuses to produce its documents relating to counterfeit drinkware." If Walmart were to search its document repositories using YETI's proposed search terms ("YETI," "RAMBLER," and "COLSTER"), the search could potentially return thousands of documents that relate to the sale of *genuine* YETI products, and are therefore not relevant to this case. Thus, the appropriate characterization is that Walmart—fairly—refuses to produce documents relating to *genuine* YETI drinkware. As we have explained repeatedly, YETI is not entitled to use this litigation as a fishing expedition to obtain far-reaching discovery regarding products that YETI has no factual bases for alleging are counterfeit or otherwise infringing. YETI should have conducted its investigation before filing this lawsuit, and YETI's attempts to shift its burden to Walmart are inappropriate. Moreover, this issue is already part of Walmart's motion for a more definite statement pending before the Court—there is no need to separately raise this single issue again with

the Court—indeed, it bolsters Walmart's argument that YETI's failure to identify the Accused Products with specificity has created, and continues to create, unnecessary discovery disputes.

Accordingly, because two of the issued raised in YETI's proposed motion are already resolved, and because the Court already has before it the dispute regarding YETI's failure to identify the Accused Products with specificity, none of the issues in YETI's proposed motion is appropriate for presentation to the Court at this time.

Thanks,
Elizabeth

**Elizabeth Brenckman** :: Principal :: Fish & Richardson P.C.

212 641 2305 direct :: 646 673 3437 mobile :: brenckman@fr.com

---

**From:** Marc Cooperman <MCooperman@bannerwitcoff.com>
**Sent:** Monday, October 01, 2018 1:15 PM
**To:** Elizabeth Brenckman <brenckman@fr.com>; Tommy Jacks <Jacks@fr.com>
**Cc:** jberghammer@bannerwitcoff.com; Zachary Getzelman <ZGetzelman@bannerwitcoff.com>; mkrashin@bannerwitcoff.com; Nancy Ly <ly@fr.com>; Michael Anderson <maanderson@fr.com>; Sheryl Koval Garko <garko@fr.com>
**Subject:** YETI v. Walmart

Dear Elizabeth,

YETI plans to file the attached motion with the Court on Tuesday.  Please let us know if defendants oppose it.

Thank you,
Marc

Marc S. Cooperman | Attorney
**Banner & Witcoff, Ltd.**
10 South Wacker Drive, Suite 3000
Chicago, IL 60606
tel: 312.463.5497 | main: 312.463.5000 | fax: 312.463.5001
www.bannerwitcoff.com | mcooperman@bannerwitcoff.com

 **Intellectual Property Law**
Chicago | Washington, DC | Boston | Portland, OR

IMPORTANT/CONFIDENTIAL: This message contains information from the law firm of Banner & Witcoff, Ltd. which may be privileged, confidential, or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, retention, archiving, or copying the communication is strictly prohibited. If you have received this communication in error, please notify us immediately by return e-mail.

```
**************************************************************************************
***********************
This email message is for the sole use of the intended recipient(s) and may contain confidential
and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all copies of the original
message.
**************************************************************************************
***********************
```