# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| YETI COOLERS, LLC, | § | |
| | § | |
| V. | § | A-17-CV-1145-RP |
| | § | |
| WALMART INC., et al. | § | |

## ORDER

Before the Court is Walmart Inc.'s Opposed Motion for a More Definite Statement (Dkt. No. 71); YETI's Opposition (Dkt. No. 72); and Walmart's Reply (Dkt. No. 76). The District Court referred the above motion to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules.

### I. Analysis

Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, Walmart Inc.[1] asks the Court to require YETI Coolers, LLC to file a more definite statement identifying with specificity the products that YETI contends in its amended complaint infringe on YETI's rights. Walmart argues that YETI's amended complaint fails to identify with any specificity the universe of the accused products in this case, and instead merely provides "examples" of such products, making it impossible for Walmart to reasonably prepare a response to the amended complaint.

### A. Standard of Review

Federal Rule of Civil Procedure Rule 8(a)(2) requires only that a complaint set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." If the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response," a party may move for

---

[1] When the suit was first filed, the named defendant was "Wal-Mart Stores, Inc." In the Rule 7 disclosure statement filed February 15, 2018, Walmart stated that it had changed its name from "Wal-Mart Stores, Inc.," to "Walmart Inc." Dkt. No. 17 n.1.

a more definite statement of the claim or claims against it under Rule 12(e). Rule 12(e) motions, however, are generally disfavored given the liberal pleading standard set forth in Rule 8(a), *Travelers Indem. Co. of Conn. v. Presbyterian Healthcare Res.*, 313 F. Supp. 2d 648, 654 (N.D. Tex. 2004), and are normally granted only when a complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Phillips v. ABB Combustion Eng'r, Inc.*, 2013 WL 3155224, at *2 (E.D. La. June 19, 2013). When a defendant "complain[s] of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading. . .[a]n order directing [the plaintiff] to provide a more definite statement is not warranted." *Arista Records LLC v. Greubel*, 453 F. Supp. 2d 961, 972 (N.D. Tex. 2006) (citing Rule 12(e) and *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959), for the proposition that Rule 12(e) is not to be used as a substitute for discovery). A district court's decision of whether to grant a motion for a more definite statement is discretionary. *Travelers Indem. Co. of Conn.*, 313 F. Supp. 2d at 654 (citing *Mitchell*, 269 F.2d at 130).

### B. Rule 12(g)

YETI argues that the motion for more definite statement should be denied, first because it is barred by Rule 12(g)(2), and second because its complaint is not "so vague and ambiguous" that Walmart "cannot reasonably prepare a response." The Court agrees that Walmart's motion is barred by Rule 12(g)(2). That rule provides the following:

> (2) Limitation on Further Motions. Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

FED. R. CIV. P. 12(g)(2). "Rule 12 was drafted by the Advisory Committee to prevent the dilatory

2

motion practice fostered by common law procedure and many of the codes under which numerous pretrial motions could be made, many of them in sequence—a course of conduct that was pursued often for the sole purpose of delay." 5C CHARLES ALAN WRIGHT & ARHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1384. As explained by Professors Wright and Miller:

> Simply stated, the objective of the consolidation rule is to eliminate unnecessary delay at the pleading stage. Subdivision (g) contemplates the presentation of an omnibus pre-answer motion in which the defendant advances every available Rule 12 defense and objection he may have that is assertable by motion. The defendant cannot delay the filing of a responsive pleading by interposing these defenses and objections in piecemeal fashion, but must present them simultaneously. Any defense that is available at the time of the original motion, but is not included, may not be the basis of a second pre-answer motion.

*Id.* Accordingly, if a defendant files a Rule 12(b) motion, "he or she is bound by the consolidation principle in Rule 12(g), which contemplates a single pre-answer motion in which the defendant asserts all the Rule 12 defenses and objections that are then available to him or her." *Id.* at §1385.

Moreover, "[t]he filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading." *Id.* at §1388. "Accordingly, Rule 12(g) applies even when the plaintiff voluntarily serves an amended complaint, as long as the defense was available when the first 12(b)(6) motion was made." *Stoffels ex rel., SBC Concession Plan v. SBC Commc'ns, Inc.*, 430 F. Supp. 2d 642, 648 (W.D. Tex. 2006).[2]

---

[2]Other courts have reached the same conclusion. *See, e.g., Rowley v. McMillan*, 502 F.2d 1326, 1333 (4th Cir. 1974) ("[A]n amendment to the pleadings permits the responding pleader to assert only such of those defenses which may be presented in a motion under Rule 12 as were not available at the time of his response to the initial pleading. An unasserted defense available at the time of response to an initial pleading may not be asserted when the initial pleading is amended."); *Federal Agr. Mortg. Corp. v. It's a Jungle Out There, Inc.*, 2005 WL 3325051, at *5 (N.D. Cal. Dec. 7, 2005) ("[t]he filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in a timely fashion prior to the amendment of the

3

Walmart filed a Rule 12 motion to dismiss in response to YETI's original complaint. Dkt. No. 14. Then, on August 29, 2018, YETI filed its First Amended Complaint. Dkt. No. 67. Walmart responded to the amendment by filing the Motion For a More Definite Statement. But this objection was available to Walmart at the time it filed its original Rule 12(b)(6) motion seven months ago. This is made plain by Walmart's present motion, in which it acknowledges that YETI's original complaint suffered from the same alleged defects as the amended complaint. Dkt. No. 71 at 2. Because Walmart concedes it could have raised the same argument in its original Rule 12 motion, Rule 12(g) bars the motion for more definite statement from being filed now. *See Rowley*, 502 F.2d at 1332-33 (holding that Rule 12(g) prohibited motion to dismiss for lack of jurisdiction even after an amended complaint since the defense was available in response to initial complaint); *Target Media Partners v. Specialty Mktg. Corp.,* 2015 WL 1061140, at *2 (N.D. Ala. Mar. 11, 2015) ("Rule 12(g)(2)'s successive Rule 12 prohibition applies to a motion for a more definite statement.").[3]

Finally, even if Walmart's Rule 12(e) Motion were not procedurally barred, the Court would still deny it, because the issues Walmart raises are matters that can be resolved with discovery requests, and YETI's amended complaint provides Walmart with sufficient notice of the infringement claim to allow Walmart to frame its response. Having said this, the Court will not allow YETI to make the "accused products" a constant moving target, and it should prepare to provide a definitive list of those products when Walmart makes that request in discovery.

---

pleading.") (quoting FEDERAL PRACTICE AND PROCEDURE § 1388).

[3]*See also All. Labs, LLC v. Stratus Pharm., Inc.,* 2013 WL 273404, at *1 (D. Ariz. Jan. 24, 2013) (Rule 12(e) motion was "procedurally improper" where defendant failed to raise motion for more definite statement in its initial motion to dismiss); *California Int'l Chem. Co. v. Neptune Pool Serv., Inc.*, 770 F. Supp. 1530, 1532 (M.D. Fla. 1991) (denying motion for more definite statement under Rule 12(g) where defendant failed to include argument in previously filed motion to dismiss).

Based upon the foregoing, Walmart Inc.'s Opposed Motion for a More Definite Statement of the Accused Products Pursuant to Fed. R. Civ. P. 12(e) (Dkt. No. 71) is **DENIED**.

SIGNED this 25th day of October, 2018.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE