# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | |
|---|---|
| YETI COOLERS, LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>WALMART INC., and REAL VALUE, LLC,<br>d/b/a SIMPLE MODERN,<br><br>                Defendants. | Case No.  17-cv-01145-RP |

## DEFENDANT WALMART INC.'S ANSWER TO
## YETI COOLERS, LLC'S FIRST AMENDED COMPLAINT

Defendant Walmart Inc. ("Walmart"), by and through its undersigned counsel, hereby submits its Answer to the First Amended Complaint ("Complaint") filed by Plaintiff YETI Coolers, LLC ("YETI").  Except to the extent expressly admitted herein, Walmart denies each and every allegation of the Complaint.

### The Parties

1.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies such allegations.

2.      Walmart admits that Walmart Inc.[1] is a corporation organized under the laws of the State of Delaware with a principal place of business at 702 S.W. 8th Street, Bentonville, Arkansas, 72716, and that it does business under the name Walmart.  Walmart denies that Walmart Inc. does business through the website www.walmart.com.

3.      Walmart is without knowledge or information sufficient to form a belief as to the

---

[1] Wal-Mart Stores, Inc., the originally-named defendant, has formally changed its name to Walmart Inc.

truth of the allegations in Paragraph 3, and therefore denies such allegations.

4.       Walmart admits that it advertises, promotes, offers for sale, sells, and/or distributes products manufactured and/or supplied by Simple Modern, but denies that any such products are infringing.

### Jurisdiction and Venue

5.       Paragraph 5 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Walmart admits that this action purports to assert claims for breach of contract, trademark and trade dress infringement, trademark and trade dress dilution, unfair competition and false designation of origin, patent infringement, misappropriation, unjust enrichment, copyright infringement, and fraud arising under the Texas Business & Commerce Code, the Trademark Act of 1946, 15 U.S.C. § 1051, et seq. ("the Lanham Act"), the Patent Act, 35 U.S.C. § 1, et seq., federal common law, and state common law, including the law of Texas, but denies that the Complaint states any valid claims thereunder, and denies the remaining allegations in Paragraph 5.

6.       Paragraph 6 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Walmart admits that this Court has subject matter jurisdiction.

7.       Paragraph 7 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Walmart admits that jurisdiction for the enforcement of the Settlement Agreement is in the Western District of Texas.  Walmart also admits that it operates multiple store locations in the State of Texas, including this District; that it has done business in this District; that its customers and potential customers reside in the State of Texas and this District; and that it benefits financially from the Texas market.  Walmart denies that it has committed any act of infringement or tortious act in this or any other District, and denies the remaining allegations in Paragraph 7.

8.       Walmart is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 8, and therefore denies such allegations.

9.　　Paragraph 9 contains legal conclusions to which no answer is required.  To the extent that an answer is required, Walmart admits that venue is proper in this District for the purpose of the enforcement of or the resolution of disputes arising from Walmart's and YETI's settlement or related to the Settlement Agreement.  Walmart denies that venue is convenient, but does not contest venue in this District.

**General Allegations – YETI's Alleged Business and Intellectual Property**

10.　　Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 concerning YETI's alleged development, manufacture, and sale of insulated drinkware, and therefore denies such allegations.  Walmart denies the remaining allegations in Paragraph 10.

11.　　Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies such allegations.

12.　　Walmart denies the allegations in Paragraph 12.

13.　　Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies such allegations.

14.　　Walmart denies the allegations in Paragraph 14.

15.　　Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies such allegations.

16.　　Walmart denies the allegations in Paragraph 16.

17.　　Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies such allegations.

18.　　Walmart denies the allegations in Paragraph 18.

19.　　Walmart denies the allegations in Paragraph 19.

20.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies such allegations.

21.     Walmart denies that YETI's use of its alleged marks in Paragraph 21 has been "extensive and continuous," that consumers have come to associate YETI's alleged marks as source identifying, and that YETI owns trademark rights in the alleged marks. Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and therefore denies such allegations.

22.     Walmart admits that what appear to be uncertified copies of United States Trademark Registration Nos. 3,203,869 ("the '869 Registration"), 4,948,370 ("the '370 Registration"), 4,948,371 ("the '371 Registration"), 4,833,419 ("the '419 Registration"), 5,233,441 ("the '441 Registration"), and 4,871,725 ("the '725 Registration") are attached to the Complaint as Exhibits 1– 6. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies such allegations.[2]

23.     Walmart denies the allegations in Paragraph 23.

24.     Walmart admits that what appears to be an uncertified copy of U.S. Design Patent No. D752,397 ("the '397 patent") is attached to the Complaint as Exhibit 7 and that it is entitled "Beverage Holder." Walmart denies that the '397 patent was duly and legally issued. Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24, and therefore denies such allegations.

25.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies such allegations.

26.     Walmart admits that what appear to be uncertified copies of Copyright Registration

---

[2] YETI incorrectly numbered Paragraph 22 as Paragraph 19 in its Complaint (and thus incorrectly numbered the remainder of its Complaint). Walmart has corrected the numbering throughout the remainder of its answer accordingly.

Nos. VA 1-974-722 ("the '722 Registration"), VA 1-974-730 ("the '730 Registration"), VA 1-974-735 ("the '735 Registration"), VA 1-974-732 ("the '732 Registration"), and VA 2-074-727 ("the '727 Registration") are attached to the Complaint as Exhibits 8–12. Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26, and therefore denies such allegations.

27. Walmart admits that the '722 Registration is entitled "YETI Rambler Colster Label," and that what appears to be an uncertified copy of the '722 Registration is attached to the Complaint as Exhibit 8. Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27, and therefore denies such allegations.

28. Walmart admits that the '730 Registration is entitled "YETI Rambler 10 oz. Lowball Label," and that what appears to be an uncertified copy of the '730 Registration is attached to the Complaint as Exhibit 9. Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28, and therefore denies such allegations.

29. Walmart admits that the '735 Registration is entitled "YETI 30 oz. Rambler Tumbler Label," and that what appears to be an uncertified copy of the '735 Registration is attached to the Complaint as Exhibit 10. Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29, and therefore denies such allegations.

30. Walmart admits that the '732 Registration is entitled "YETI 20 oz. Rambler Tumbler Label," and that what appears to be an uncertified copy of the '732 Registration is attached to the Complaint as Exhibit 11. Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30, and therefore denies such allegations.

31. Walmart admits that the '727 Registration is entitled "YETI 36 oz. Rambler Bottle Label," and that what appears to be an uncertified copy of the '727 Registration is attached to the Complaint as Exhibit 12. Walmart is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations in Paragraph 31, and therefore denies such allegations.

## General Allegations – Walmart's Alleged Activities

32.     Walmart denies the allegations in Paragraph 32.

33.     Walmart denies that any of its products infringe YETI's alleged rights.  Walmart also denies that the products referenced in Paragraph 33 are Walmart products.  Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33, and therefore denies such allegations.

34.     Walmart denies the allegations in Paragraph 34.

35.     Walmart denies the allegations in Paragraph 35.

36.     Walmart admits that YETI filed a complaint against Walmart on April 8, 2016.  Walmart also admits that YETI and Walmart settled the dispute by entering into the Settlement Agreement on March 10, 2017.  Walmart also admits that this Court entered a Stipulated Order of Dismissal in that prior suit pursuant to the Settlement Agreement, and that the Order of Dismissal did not address any substantive issues raised in YETI's complaint or make any legal or factual findings regarding the issues raised in YETI's complaint.  Walmart also admits that YETI and Walmart did not submit the Settlement Agreement to the Court when seeking dismissal.  Walmart denies that YETI's April 8, 2016 complaint stated any valid claims against Walmart, and denies the remaining allegations in Paragraph 36.

37.     Walmart admits that, in the Settlement Agreement, Walmart agreed to stop manufacturing, marketing, offering to sell, selling, using, importing, purchasing, promoting, or distributing the "Accused Products" identified in the Settlement Agreement, and to delete all internet content over which Walmart has control that refers to or depicts any of the Accused Products, including applicable content on walmart.com.  Walmart also admits that the parties agreed to a sell-off period ending on October 15, 2017, and that Walmart agreed to provide certain validations,

confirmations, and notices of its compliance with the Settlement Agreement by no later than November 15, 2017. Walmart denies the remaining allegations in Paragraph 37.

38. Walmart denies the allegations in Paragraph 38.

39. Walmart admits that a small number of the Ozark Trail products at issue in the prior lawsuit were inadvertently and unintentionally sold after October 15, 2017. Walmart denies that it committed a material breach of the Settlement Agreement, and denies the remaining allegations in Paragraph 39.

40. Walmart returned a certain quantity of Ozark Trail products to its supplier for exportation after November 15, 2017. Walmart denies that it committed a material breach of the Settlement Agreement, and denies the remaining allegations in Paragraph 40.

41. Walmart denies the allegations in Paragraph 41.

42. Walmart denies the allegations in Paragraph 42.

43. Walmart denies the allegations in Paragraph 43.

44. Walmart admits that Exhibit 13 purports to be a web capture taken from walmart.com. Walmart denies that the product shown in Illustration 13 is a Walmart product and denies the remaining allegations in Paragraph 44.

45. Walmart admits that Exhibits 14 and 15 purport to be web captures taken from walmart.com. Walmart denies the remaining allegations in Paragraph 45.

46. Walmart admits that Exhibit 16 purports to be a web capture taken from walmart.com. Walmart denies the remaining allegations in Paragraph 46.

47. Walmart denies the allegations in Paragraph 47.

48. Walmart denies the allegations in Paragraph 48.

49. Walmart denies that it has engaged in any counterfeit activity and that it facilitates the sale of counterfeit goods. Walmart admits that Exhibit 17 purports to be a copy of a GAO report.

Walmart also admits that Exhibit 18 purports to be a web capture of a news article. Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49, and therefore denies such allegations.

50.     Walmart admits that it has publicly claimed that it has "zero tolerance" for counterfeit products, and that Exhibit 19 purports to be a web capture of a news article. Walmart also admits that YETI has brought certain specific products to Walmart's attention that YETI has alleged are infringing or counterfeit products, both before and during this litigation. Walmart denies the remaining allegations in Paragraph 50.

51.     Walmart denies the allegations in Paragraph 51.

52.     Walmart denies the allegations in Paragraph 52.

53.     Walmart denies the allegations in Paragraph 53.

54.     Walmart admits that it provided notices to YETI pursuant to Section C.3 of the Settlement Agreement after November 15, 2017. Walmart denies that it committed a material breach of the Settlement Agreement, and denies the remaining allegations in Paragraph 54.

55.     Walmart denies the allegations in Paragraph 55.

56.     Walmart denies the allegations in the first sentence of Paragraph 56. Walmart further states that Section C.4 of the Settlement Agreement speaks for itself. Walmart denies that it has control over the Walmart Marketplace, and denies the remaining allegations in Paragraph 56.

57.     Walmart admits that it has represented, and YETI has agreed in Section C.2 of the Settlement Agreement, that commercial activity on the Walmart Marketplace is not within the control of Walmart, and Walmart has not contractual obligation to delete the required product listings. Walmart denies the remaining allegations in Paragraph 57.

58.     Walmart admits that Exhibit 20 purports to be a copy of a FAQ page for the Walmart Marketplace. Exhibit 20 speaks for itself. Walmart also admits that Exhibit 21 purports to be a web

capture of the Terms of Use taken from walmart.com. Exhibit 21 speaks for itself. Walmart denies that it has control over the Walmart Marketplace, and denies the remaining allegations in Paragraph 58.

59.     Walmart admits that the Trust and Safety Department can remove Walmart Marketplace product listings and third-party sellers from the Walmart Marketplace. Walmart also admits that Exhibit 22 purports to be an email from an "IP Investigation" email account. Walmart also admits that certain items have been removed from www.walmart.com. Walmart denies that it has control over the Walmart Marketplace, and denies the remaining allegations in Paragraph 59.

60.     Walmart admits that Exhibits 20, 23, and 24 purport to be web captures from www.walmart.com. Walmart admits that www.walmart.com processes credit card payments for products sold through the Walmart Marketplace, and that a fee is deducted for Marketplace products sold. Walmart denies that it is involved in any counterfeiting or infringement of YETI's alleged rights, and denies the remaining allegations in Paragraph 60.

61.     Walmart denies the allegations in Paragraph 61.

62.     Walmart admits that it returned a certain quantity of Accused Products to its supplier for exportation after November 15, 2017, and that a small number of Ozark Trail products were inadvertently and unintentionally sold after October 15, 2017. Walmart denies that it committed a material breach of the Settlement Agreement, and denies the remaining allegations in Paragraph 62.

63.     Walmart admits that third-party sellers can offer products for sale through the Walmart Marketplace and that third-party products sold through the Walmart Marketplace items are listed on www.walmart.com. Walmart also admits that third-party sellers must follow certain policies in order to offer their products for sale through the Walmart Marketplace. Walmart also admits that third-party sellers are required to pay referral fees for the sales of their products made through the Walmart Marketplace. Walmart denies that it has control over the Walmart Marketplace,

and denies the remaining allegations in Paragraph 63.

64.     Walmart admits that YETI has alleged that certain specific products are infringing or counterfeit.  Walmart denies the remaining allegations in Paragraph 64.

65.     Walmart admits that third-party sellers can offer products for sale through the Walmart Marketplace and that third-party products sold through the Walmart Marketplace are listed on www.walmart.com.  Walmart also admits that third-party sellers must follow certain policies in order to offer their products for sale through the Walmart Marketplace.   Walmart also admits that third-party sellers are required to pay referral fees for the sales of their products made through the Walmart Marketplace.  Walmart denies that it has control over the Walmart Marketplace, and denies the remaining allegations in Paragraph 65.

66.     Walmart denies the allegations in Paragraph 66.

**General Allegations – Simple Modern's Alleged Activities
and Walmart's Alleged Activities**

67.     Walmart denies that YETI's asserted trade dress is protectable and that any Simple Modern product sold by Walmart infringes YETI's asserted rights.  Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67, and therefore denies such allegations.

68.     Walmart admits that Exhibit 26 purports to be a copy of a web capture taken from walmart.com.   Walmart admits that Simple Modern's 20 oz. product is sold on walmart.com.  Walmart denies that any Simple Modern product sold or shipped by Walmart infringes YETI's asserted rights.  Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68, and therefore denies such allegations.

69.     Walmart denies that YETI's asserted trade dress is protectable and that any Simple Modern product sold by Walmart infringes YETI's asserted rights.  Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69,

and therefore denies such allegations.

70.     Walmart denies that YETI's asserted trade dress is protectable, that it is famous in any geographic area, and that it has acquired secondary meaning.  Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70, and therefore denies such allegations.

71.     Walmart denies that YETI's asserted trade dress is protectable and that any Simple Modern product sold by Walmart infringes YETI's asserted rights.  Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71, and therefore denies such allegations.

## Count I:
## Breach of the Settlement Agreement

72.     Walmart incorporates its responses to Paragraphs 1 through 71 as if fully set forth herein.

73.     Walmart admits the allegations in Paragraph 73.

74.     Walmart admits that YETI agreed to dismiss YETI's prior pending lawsuit against Walmart.  Walmart denies that it has committed a material breach of the Settlement Agreement, and denies the remaining allegations in Paragraph 74.

75.     Walmart denies the allegations in Paragraph 75.

76.     Walmart admits that it provided notices to YETI after November 15, 2017, including on February 2, 2018.  Walmart denies that it has committed a material breach of the Settlement Agreement, and denies the remaining allegations in Paragraph 76.

77.     Walmart denies the allegations in Paragraph 77.

78.     Walmart denies the allegations in Paragraph 78.

**Count II:**
**Direct and Indirect Trademark Dilution Under Tex. Bus. & Com. Code §16.103**

79.     Walmart incorporates its responses to Paragraphs 1 through 78 as if fully set forth herein.

80.     Walmart denies the allegations in Paragraph 80.

81.     Walmart denies the allegations in Paragraph 81.

82.     Walmart admits that third-party sellers can offer products for sale through the Walmart Marketplace and that third-party products sold through the Walmart Marketplace are listed on www.walmart.com.  Walmart also admits that third-party sellers must follow certain policies in order to offer their products for sale through the Walmart Marketplace.   Walmart also admits that third-party sellers are required to pay referral fees for the sales of their products made through the Walmart Marketplace.  Walmart denies that it has control over the Walmart Marketplace, and denies the remaining allegations in Paragraph 82.

83.     Walmart denies the allegations in Paragraph 83.

84.     Walmart denies the allegations in Paragraph 84.

85.     Walmart denies the allegations in Paragraph 85.

86.     Walmart denies the allegations in Paragraph 86.

**Count III:**
**Direct and Indirect Trade Dress Dilution Under Tex. Bus. & Com. §16.103**

87.     Walmart incorporates its responses to Paragraphs 1 through 86 as if fully set forth herein.

88.     Walmart denies the allegations in Paragraph 88.

89.     Walmart admits that YETI has notified Walmart in certain limited instances of particular product listings that YETI has alleged dilute its asserted trade dress.  Walmart also admits that third-party sellers must follow certain policies in order to offer their products for sale through

the Walmart Marketplace. Walmart denies that it has control over the Walmart Marketplace, and denies the remaining allegations in Paragraph 89.

90.     Walmart admits that third-party sellers can offer products for sale through the Walmart Marketplace and that third-party products sold through the Walmart Marketplace are listed on www.walmart.com. Walmart also admits that third-party sellers must follow certain policies in order to offer their products for sale through the Walmart Marketplace. Walmart also admits that third-party sellers are required to pay referral fees for the sales of their products made through the Walmart Marketplace. Walmart denies that it has control over the Walmart Marketplace, and denies the remaining allegations in Paragraph 90.

91.     Walmart denies the allegations in Paragraph 91.

92.     Walmart denies the allegations in Paragraph 92.

93.     Walmart denies the allegations in Paragraph 93.

94.     Walmart denies the allegations in Paragraph 94.

**Count IV:**
**Direct and Indirect Trademark Infringement**
**under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

95.     Walmart incorporates its responses to Paragraphs 1 through 94 as if fully set forth herein.

96.     Walmart denies the allegations in Paragraph 96.

97.     Walmart admits that YETI has notified Walmart in certain limited instances of particular product listings that YETI has alleged infringe its asserted trademarks. Walmart also admits that third-party sellers must follow certain policies in order to offer their products for sale through the Walmart Marketplace. Walmart denies that it has control over the Walmart Marketplace, and denies the remaining allegations in Paragraph 97.

98.     Walmart admits that third-party sellers can offer products for sale through the

Walmart Marketplace and that third-party products sold through the Walmart Marketplace are listed on www.walmart.com. Walmart also admits that third-party sellers must follow certain policies in order to offer their products for sale through the Walmart Marketplace. Walmart also admits that third-party sellers are required to pay referral fees for the sales of their products made through the Walmart Marketplace. Walmart denies that it has control over the Walmart Marketplace, and denies the remaining allegations in Paragraph 98.

99. Walmart denies the allegations in Paragraph 99.

100. Walmart denies the allegations in Paragraph 100.

101. Walmart denies the allegations in Paragraph 101.

**Count V:**
**Direct and Indirect Trademark Infringement**
**under § 43(a) of the Lanham Act, 15 § U.S.C. 1125(a)**

102. Walmart incorporates its responses to Paragraphs 1 through 101 as if fully set forth herein.

103. Walmart denies the allegations in Paragraph 103.

104. Walmart admits that YETI has notified Walmart in certain limited instances of particular product listings that YETI has alleged infringe its asserted trademarks. Walmart also admits that third-party sellers must follow certain policies in order to offer their products for sale through the Walmart Marketplace. Walmart denies that it has control over the Walmart Marketplace, and denies the remaining allegations in Paragraph 104.

105. Walmart admits that third-party sellers can offer products for sale through the Walmart Marketplace and that third-party products sold through the Walmart Marketplace are listed on www.walmart.com. Walmart also admits that third-party sellers must follow certain policies in order to offer their products for sale through the Walmart Marketplace. Walmart also admits that third-party sellers are required to pay referral fees for the sales of their products made through the

Walmart Marketplace. Walmart denies that it has control over the Walmart Marketplace, and denies the remaining allegations in Paragraph 105.

106. Walmart denies the allegations in Paragraph 106.

107. Walmart denies the allegations in Paragraph 107.

108. Walmart denies the allegations in Paragraph 108.

109. Walmart denies the allegations in Paragraph 109.

**Count VI:**
**Direct and Indirect Trade Dress Infringement**
**under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

110. Walmart incorporates its responses to Paragraphs 1 through 109 as if fully set forth herein.

111. Walmart denies the allegations in Paragraph 111.

112. Walmart denies the allegations in Paragraph 112.

113. Walmart denies the allegations in Paragraph 113.

114. Walmart denies the allegations in Paragraph 114.

115. Walmart admits that YETI has notified Walmart in certain limited instances of particular product listings that YETI has alleged infringe its asserted trade dress. Walmart also admits that third-party sellers must follow certain policies in order to offer their products for sale through the Walmart Marketplace. Walmart denies that it has control over the Walmart Marketplace, and denies the remaining allegations in Paragraph 115.

116. Walmart admits that third-party sellers can offer products for sale through the Walmart Marketplace and that third-party products sold through the Walmart Marketplace are listed on www.walmart.com. Walmart also admits that third-party sellers must follow certain policies in order to offer their products for sale through the Walmart Marketplace. Walmart also admits that third-party sellers are required to pay referral fees for the sales of their products made through the

Walmart Marketplace.  Walmart denies that it has control over the Walmart Marketplace, and denies the remaining allegations in Paragraph 116.

117.    Walmart denies the allegations in Paragraph 117.

**Count VII:**
**Direct and Indirect Trademark Dilution**
**under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

118.    Walmart incorporates its responses to Paragraphs 1 through 117 as if fully set forth herein.

119.    Walmart denies the allegations in Paragraph 119.

120.    Walmart admits that YETI has notified Walmart in certain limited instances of particular product listings that YETI has alleged dilute its asserted trademarks.  Walmart also admits that third-party sellers must follow certain policies in order to offer their products for sale through the Walmart Marketplace.  Walmart denies that it has control over the Walmart Marketplace, and denies the remaining allegations in Paragraph 120.

121.    Walmart admits that third-party sellers can offer products for sale through the Walmart Marketplace and that third-party products sold through the Walmart Marketplace are listed on www.walmart.com.  Walmart also admits that third-party sellers must follow certain policies in order to offer their products for sale through the Walmart Marketplace.   Walmart also admits that third-party sellers are required to pay referral fees for the sales of their products made through the Walmart Marketplace.  Walmart denies that it has control over the Walmart Marketplace, and denies the remaining allegations in Paragraph 121.

122.    Walmart denies the allegations in Paragraph 122.

123.    Walmart denies the allegations in Paragraph 123.

124.    Walmart denies the allegations in Paragraph 124.

125.    Walmart denies the allegations in Paragraph 125.

## Count VIII:
## Direct and Indirect Trade Dress Dilution
## under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

126.     Walmart incorporates its responses to Paragraphs 1 through 125 as if fully set forth herein.

127.     Walmart denies the allegations in Paragraph 127.

128.     Walmart denies the allegations in Paragraph 128.

129.     Walmart denies the allegations in Paragraph 129.

130.     Walmart denies the allegations in Paragraph 130.

131.     Walmart admits that YETI has notified Walmart in certain limited instances of particular product listings that YETI has alleged dilute its asserted trade dress.  Walmart also admits that third-party sellers must follow certain policies in order to offer their products for sale through the Walmart Marketplace.  Walmart denies that it has control over the Walmart Marketplace, and denies the remaining allegations in Paragraph 131.

132.     Walmart admits that third-party sellers can offer products for sale through the Walmart Marketplace and that third-party products sold through the Walmart Marketplace are listed on www.walmart.com.  Walmart also admits that third-party sellers must follow certain policies in order to offer their products for sale through the Walmart Marketplace.  Walmart also admits that third-party sellers are required to pay referral fees for the sales of their products made through the Walmart Marketplace.  Walmart denies that it has control over the Walmart Marketplace, and denies the remaining allegations in Paragraph 132.

133.     Walmart denies the allegations in Paragraph 133.

## Count IX:
## Unfair Competition and False Designation of Origin
## under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

134.     Walmart incorporates its responses to Paragraphs 1 through 133 as if fully set forth

herein.

135. Walmart denies the allegations in Paragraph 135.

136. Walmart denies the allegations in Paragraph 136.

137. Walmart denies the allegations in Paragraph 137.

138. Walmart denies the allegations in Paragraph 138.

139. Walmart denies the allegations in Paragraph 139.

**Count X:**
**Direct and Indirect Copyright Infringement under 17 U.S.C. § 501**

140. Walmart incorporates its responses to Paragraphs 1 through 139 as if fully set forth herein.

141. Walmart denies the allegations in Paragraph 141.

142. Walmart admits that YETI has notified Walmart in certain limited instances of particular product listings that YETI has alleged infringe its asserted copyrights. Walmart also admits that third-party sellers must follow certain policies in order to offer their products for sale through the Walmart Marketplace. Walmart denies that it has control over the Walmart Marketplace, and denies the remaining allegations in Paragraph 142.

143. Walmart admits that third-party sellers can offer products for sale through the Walmart Marketplace and that third-party products sold through the Walmart Marketplace are listed on www.walmart.com. Walmart also admits that third-party sellers must follow certain policies in order to offer their products for sale through the Walmart Marketplace. Walmart also admits that third-party sellers are required to pay referral fees for the sales of their products made through the Walmart Marketplace. Walmart denies that it has control over the Walmart Marketplace, and denies the remaining allegations in Paragraph 143.

144. Walmart denies the allegations in Paragraph 144.

145. Walmart denies the allegations in Paragraph 145.

146.    Walmart denies the allegations in Paragraph 146.

147.    Walmart denies the allegations in Paragraph 147.

## Count XI:
### Direct and Indirect Patent Infringement under 35 U.S.C. § 271

148.    Walmart incorporates its responses to Paragraphs 1 through 147 as if fully set forth herein.

149.    Walmart denies the allegations in Paragraph 149.

150.    Walmart denies the allegations in Paragraph 150.

151.    Walmart denies the allegations in Paragraph 151.

152.    Walmart denies the allegations in Paragraph 152.

153.    Walmart denies the allegations in Paragraph 153.

154.    Walmart denies the allegations in Paragraph 154.

155.    Walmart denies the allegations in Paragraph 155.

156.    Walmart denies the allegations in Paragraph 156.

157.    Walmart denies the allegations in Paragraph 157.

158.    Walmart denies the allegations in Paragraph 158.

## Count XII:
### Direct and Indirect Common Law Trademark Infringement

159.    Walmart incorporates its responses to Paragraphs 1 through 158 as if fully set forth herein.

160.    Walmart denies the allegations in Paragraph 160.

161.    Walmart admits that YETI has notified Walmart in certain limited instances of particular product listings that YETI has alleged infringe its asserted trademarks. Walmart also admits that third-party sellers must follow certain policies in order to offer their products for sale through the Walmart Marketplace. Walmart denies that it has control over the Walmart Marketplace,

and denies the remaining allegations in Paragraph 161.

162.    Walmart admits that third-party sellers can offer products for sale through the Walmart Marketplace and that third-party products sold through the Walmart Marketplace are listed on www.walmart.com.  Walmart also admits that third-party sellers must follow certain policies in order to offer their products for sale through the Walmart Marketplace.  Walmart also admits that third-party sellers are required to pay referral fees for the sales of their products made through the Walmart Marketplace.  Walmart denies that it has control over the Walmart Marketplace, and denies the remaining allegations in Paragraph 162.

163.    Walmart denies the allegations in Paragraph 163.

164.    Walmart denies the allegations in Paragraph 164.

165.    Walmart denies the allegations in Paragraph 165.

166.    Walmart denies the allegations in Paragraph 166.

**Count XIII:**
**Direct and Indirect Common Law Trade Dress Infringement**

167.    Walmart incorporates its responses to Paragraphs 1 through 166 as if fully set forth herein.

168.    Walmart denies the allegations in Paragraph 168.

169.    Walmart denies the allegations in Paragraph 169.

170.    Walmart denies the allegations in Paragraph 170.

171.    Walmart denies the allegations in Paragraph 171.

172.    Walmart admits that YETI has notified Walmart in certain limited instances of particular product listings that YETI has alleged infringe its asserted trade dress.  Walmart also admits that third-party sellers must follow certain policies in order to offer their products for sale through the Walmart Marketplace.  Walmart denies that it has control over the Walmart Marketplace, and denies the remaining allegations in Paragraph 172.

173.    Walmart admits that third-party sellers can offer products for sale through the Walmart Marketplace and that third-party products sold through the Walmart Marketplace are listed on www.walmart.com.  Walmart also admits that third-party sellers must follow certain policies in order to offer their products for sale through the Walmart Marketplace.  Walmart also admits that third-party sellers are required to pay referral fees for the sales of their products made through the Walmart Marketplace.  Walmart denies that it has control over the Walmart Marketplace, and denies the remaining allegations in Paragraph 173.

174.    Walmart denies the allegations in Paragraph 174.

**Count XIV:**
**Common Law Unfair Competition**

175.    Walmart incorporates its responses to Paragraphs 1 through 174 as if fully set forth herein.

176.    Walmart denies the allegations in Paragraph 176.

177.    Walmart denies the allegations in Paragraph 177.

178.    Walmart denies the allegations in Paragraph 178.

179.    Walmart denies the allegations in Paragraph 179.

180.    Walmart denies the allegations in Paragraph 180.

**Count XV:**
**Common Law Misappropriation**

181.    Walmart incorporates its responses to Paragraphs 1 through 180 as if fully set forth herein.

182.    Walmart denies the allegations in Paragraph 182.

183.    Walmart denies the allegations in Paragraph 183.

184.    Walmart denies the allegations in Paragraph 184.

185.    Walmart denies the allegations in Paragraph 185.

186.     Walmart denies the allegations in Paragraph 186.

187.     Walmart denies the allegations in Paragraph 187.

## Count XVI:
## Unjust Enrichment

188.     Walmart incorporates its responses to Paragraphs 1 through 187 as if fully set forth herein.

189.     Walmart denies the allegations in Paragraph 189.

190.     Walmart denies the allegations in Paragraph 190.

191.     Walmart denies the allegations in Paragraph 191.

192.     Walmart denies the allegations in Paragraph 192.

193.     Walmart denies the allegations in Paragraph 193.

194.     Walmart denies the allegations in Paragraph 194.

## Count XVII:
## Fraud

195.     Walmart incorporates its responses to Paragraphs 1 through 194 as if fully set forth herein.

196.     Walmart admits that, during negotiations leading to the Settlement Agreement, Walmart accurately represented that commercial activity on the Walmart Marketplace was "not within the control of Walmart." Walmart denies the remaining allegations in Paragraph 196.

197.     Walmart denies the allegations in Paragraph 197.

198.     Walmart denies the allegations in Paragraph 198.

199.     Walmart denies the allegations in Paragraph 199.

200.     Walmart denies the allegations in Paragraph 200.

201.     Walmart denies the allegations in Paragraph 201.

202.     Walmart denies the allegations in Paragraph 202.

203.     Walmart denies the allegations in Paragraph 203.

204.     Walmart denies the allegations in Paragraph 204.

205.     Walmart denies the allegations in Paragraph 205.

**Demand For Jury Trial**

206.     Walmart admits that YETI demands a jury trial.

**Relief Sought**

Walmart denies that YETI is entitled to any of the relief sought in its Complaint or to any relief whatsoever.

**AFFIRMATIVE AND SPECIAL DEFENSES**

By alleging the Affirmative and Special Defenses set forth below, Walmart does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, either in whole or in part.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(No Injunctive Relief)**

YETI is not entitled to injunctive relief because any alleged injury to YETI is neither immediate nor irreparable and YETI has an adequate remedy at law.

**THIRD AFFIRMATIVE DEFENSE**
**(Equitable Defenses)**

YETI's claims against Walmart are barred in whole or in part by one or more of the equitable doctrines of laches, acquiescence, waiver, and unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**
**(Res Judicata)**

YETI's claims against Walmart are barred in whole or in party by res judicata.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

YETI claims against Walmart are barred in whole or in part by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### (Release)

YETI has released its claims against Walmart, in whole or in part, pursuant to the Settlement

Agreement.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Willfulness)

Should Walmart be found to infringe any valid, enforceable claim of YETI's asserted trade

dress, trademarks, copyrights, or patents, such infringement was not willful.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Breach of Contract)

Walmart has not committed a material breach of the Settlement Agreement.

## NINTH AFFIRMATIVE DEFENSE
### (No Trade Dress Infringement)

Walmart has not infringed, and does not infringe, either directly or indirectly, any valid,

enforceable trade dress of YETI.

## TENTH AFFIRMATIVE DEFENSE
### (Trade Dress Invalidity)

YETI's asserted trade dress is invalid and unenforceable because it is generic, not distinctive,

functional, and has not acquired secondary meaning.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Trade Dress Dilution)

Walmart has not diluted, either directly or indirectly, any valid, enforceable trade dress of

YETI.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Trademark Infringement)

Walmart has not infringed, and does not infringe, either directly or indirectly, any valid,

enforceable trade dress of YETI.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (No Trademark Dilution)

Walmart has not diluted, either directly or indirectly, any valid, enforceable trademark of YETI.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Unfair Competition and False Designation of Origin)

Walmart has not engaged in any unfair competition or false designation of origin.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Copyright Infringement)

Walmart has not, and does not infringe, either directly or indirectly, any valid, enforceable copyright of YETI.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (No Patent Infringement)

Walmart has not, and does not infringe, either literally or under the doctrine of equivalents, any valid, enforceable, asserted claim of the '397 Patent, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Patent Invalidity)

The asserted claim of the '397 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation 35 U.S.C. §§ 102, 103, 112, and 171.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Misappropriation)

Walmart has not engaged in any acts of misappropriation against YETI.

## NINETEENTH AFFIRMATIVE DEFENSE
### (No Unjust Enrichment)

Walmart has not committed any acts resulting in unjust enrichment against YETI.

## TWENTIETH AFFIRMATIVE DEFENSE
### (No Fraud)

Walmart has not engaged in any acts of fraud against YETI.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Failure to Plead Fraud with Particularity)

YETI has failed to plead its claim for fraud with particularity.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (No Reliance)

YETI's fraud claim cannot stand because YETI did not rely on any statements made by Walmart.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Preemption)

YETI's state law claims are barred by the doctrine of preemption.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Fair Use)

YETI is not entitled to relief because any use by Walmart of the asserted trade dress is protected by the fair use doctrine.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Fair Use)

YETI is not entitled to relief because any use by Walmart of the asserted trademarks is protected by the fair use doctrine.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Fair Use)

YETI is not entitled to relief because any use by Walmart of the asserted copyrights is protected by the fair use doctrine.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (No Exceptional Case)

This is not an "exceptional" case within the meaning of 15 U.S.C. § 1117(a) or 35 U.S.C.

§ 285.

## RESERVATION OF ADDITIONAL DEFENSES

Walmart reserves any and all additional defenses available under Titles 15, 17, and 35 of the United States Code, the rules, regulations, or laws related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, and/or otherwise in law or equity, now existing or later arising, as may be discovered.

## JURY TRIAL DEMAND

Walmart demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Walmart requests entry of judgment in its favor against YETI as follows:

A.      Dismiss YETI's Complaint in its entirety, with prejudice;

B.      Enter judgment in favor of Walmart against YETI;

C.      Enter a judgment and declaration that Walmart has not breached the Settlement Agreement and is not liable to YETI for breach of contract;

D.      Enter a judgment and declaration that Walmart has not directly or indirectly committed any acts of trademark dilution under Tex. Bus. & Com. Code § 16.103;

E.      Enter a judgment and declaration that Walmart has not directly or indirectly committed any acts of trade dress dilution under Tex. Bus. & Com. Code § 16.103;

F.      Enter a judgment and declaration that Walmart has not directly or indirectly infringed any valid, enforceable trademark of YETI under the Lanham Act;

G.      Enter a judgment and declaration that Walmart has not directly or indirectly committed any acts of trademark dilution under the Lanham Act;

H.      Enter a judgment and declaration that YETI's asserted trade dress is invalid;

I.　　Enter a judgment and declaration that Walmart has not directly or indirectly infringed any valid, enforceable trade dress of YETI under the Lanham Act;

J.　　Enter a judgment and declaration that Walmart has not directly or indirectly committed any acts of trade dress dilution under the Lanham Act;

K.　　Enter a judgment and declaration that Walmart has not committed any acts of unfair competition and false designation of origin under the Lanham Act;

L.　　Enter a judgment and declaration that Walmart has not directly or indirectly infringed any valid copyright of YETI;

M.　　Enter a judgment and declaration that Walmart has not directly or indirectly infringed any valid claim of the '397 patent;

N.　　Enter a judgment and declaration that the '397 patent is invalid;

O.　　Enter a judgment and declaration that Walmart has not directly or indirectly infringed any valid, enforceable trademark of YETI under the common law of the State of Texas;

P.　　Enter a judgment and declaration that Walmart has not directly or indirectly infringed any valid, enforceable trade dress of YETI under the common law of the State of Texas;

Q.　　Enter a judgment and declaration that Walmart has not committed any acts of unfair competition under the common law of the State of Texas;

R.　　Enter a judgment and declaration that Walmart has not committed any acts of misappropriation under the common law of the State of Texas;

S.　　Enter a judgment and declaration that Walmart has not committed any acts resulting in unjust enrichment under the common law of the State of Texas;

T.　　Enter a judgment and declaration that Walmart has not committed any acts of fraud;

U. Enter a judgment and declaration that no damages or royalties, profits, attorneys' fees, costs, pre- or post-judgment interest, or any other compensation or damages are due or owed by Walmart to YETI for any of the acts alleged in YETI's Complaint;

V. Deny YETI's request for injunctive relief;

W. Permanently enjoin YETI, its officers, employees, agents, and those in privity with any of them from directly or indirectly charging or instituting any action for infringement of any of YETI's asserted trade dress, trademarks, copyrights, or patent against Walmart or any other person or entity in privity with Walmart, including without limitation Walmart's successors, assigns, agents, suppliers, and customers;

X. Award to Walmart its attorneys' fees, expenses, and costs incurred in this action, pursuant to 15 U.S.C. § 1117(a), 17 U.S.C. § 505, and 35 U.S.C. § 285; and

Y. Award to Walmart such other and further relief as the Court may deem just.

Dated: November 8, 2018

Respectfully submitted,

FISH & RICHARDSON P.C.

By: _/s/ Elizabeth E. Brenckman_
**William T. "Tommy" Jacks**
Texas Bar No. 10452000
jacks@fr.com
111 Congress Avenue, Suite 810
Austin, TX 78701
(512) 472-5070 - Telephone
(512) 320-8935 - Facsimile

**Sheryl Koval Garko**
(*admitted pro hac vice*)
Massachusetts Bar. No. 657735
garko@fr.com
**Mark S. Puzella**
(*admitted pro hac vice*)
Massachusetts Bar. No. 644850
puzella@fr.com
One Marina Park Drive
Boston, MA 02210
(617) 542-5070 - Telephone
(617) 542-8906 - Facsimile

**Elizabeth E. Brenckman**
(*admitted pro hac vice*)
New York Bar. No. 5272042
breanckman@fr.com
601 Lexington Avenue, Flr 52
New York, NY 10022
(212) 641-2305 - Telephone
(212) 765-5070 - Facsimile

***Counsel for Defendant Walmart Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing using the CM/ECF system and that a true and correct copy of the foregoing document has been served on November 8, 2018 on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/  Elizabeth E. Brenckman*
Elizabeth E. Brenckman